## In the Matter of the Estate of ANCIL GREENBERG, Deceased.

Surrogate's Court, Kings County, October 25, 1933.

*Sidney S. Hodes*, for the contestant.

*Benjamin Klein*, for the claimant Miriam Jacobson.

*Max D. Steuer*, for the petitioner Lena Greenberg.

*William Stanley Miller* and *Charles F. Hulseman*, for the executor.

*Frederick A. Keck*, special guardian.

WINGATE, S. The present controversy arises upon a motion to strike out certain objections to an executorial account.

The pertinent facts deducible from the record are that at the time of his death testator was engaged in the garage business at 208 Greenpoint avenue, Brooklyn. The enterprise was conducted under the trade name of " Atlas Garage," the legal ownership being vested in a corporation known as " Shapgreen Realty Corporation." Four hundred and thirty-six shares of the capital stock of this corporation had been issued at the time of the death, 270 of which were owned by the decedent, 71 by his widow, who is one of the objecting parties and the remaining 95 by the accountant as an individual. One-half of the shares of the testator were specifically bequeathed by him to his son, Max Greenberg, who is the other objectant, and the balance to a daughter, who is the wife of the accountant.

It is conceded that the executor never turned over the decedent's

stock to the legatees but that he himself was elected president of the corporation. The only reference made to this stock in the accounts of the executor is to be found in Schedule G of the original account which stated in substance that the business had been unable to earn its carrying charges and that an action to foreclose the mortgage on the property had been instituted which would probably result in the stock becoming valueless.

Both the widow and the legatee-son object to the account in this respect. Their primary objections, which are substantially identical, read: " That the Executor has not properly accounted for the income received which the stock ownership of the deceased has earned and has not placed a proper valuation upon the stock. The liabilities represented to be owing by the Shapgreen Realty Corp. and/or the Atlas Garages are improper in that the corporation was in a position to and should have if properly managed met all of its outstanding obligations without any need for a foreclosure proceeding or other action on the part of any proper creditor."

To this objection the son adds the following: " that the Executor did wilfully mismanage the affairs of the Shapgreen Realty Corp. and/or the Atlas Garages so that the income from said garages was wilfully reduced to the detriment of the interests of the contestant."

The grounds upon which the motion to dismiss is based are that the fiduciary was duly elected president of the corporation subsequent to the death of the decedent and that " any questions as to his alleged mismanagement of the corporation are entirely corporation matters and should be raised in an appropriate action and are not proper objections to the account of the executor herein."

A further ground concerns the service of subpœnas upon the employees of the corporation which is stated to have caused " a great deal of unnecessary work and preparation for this accounting."

Whereas the phraseology of the objections leaves much to be desired, they are probably properly to be interpreted as raising the issue that the acts of the executor have resulted in loss and damage to the estate by a destruction of the value of one of its assets, namely, the stock of the Shapgreen Realty Company. In any event, the executor, on this motion, has so interpreted them.

Since the determination in *Matter of Auditore* (249 N. Y. 335) and indeed since that in *General Rubber Co.* v. *Benedict* (215 id. 18), it has been the established law of this State that a fiduciary whether standing in this relation to a corporation, to a decedent's estate or otherwise, may be held liable at the suit of those to whom he owed such fiduciary duty for any loss occurring by his neglect or willful misconduct in respect to the subject-matter of his trust. In the *Auditore* case actual looting of the corporation in which

the estate was interested as a stockholder was demonstrated, as well as negligent failure to prosecute enforcible rights.

The result of such acts and omissions was to decrease the value of the corporate stock belonging to the estate by that proportion of the total defalcations of the fiduciary and losses due to his negligence which the number of shares held by the estate bore to the total of the issued stock. The damage to the stockholdings of the estate was determined to amount to $155,737.20, for which sum the fiduciary and his surety were compelled to respond to the estate. (*Matter of Auditore*, 136 Misc. 664, 682; affd., 233 App. Div. 740.)

The theory of the present objections is the same and is to the effect that this executor, by reason of his custody of the estate assets, obtained control of the corporation and by his negligence or worse caused the stock to become valueless.

The contention of the accountant that the proper remedy for the objectants is a stockholders' action in a court of general jurisdiction was advanced and demolished in *Matter of Auditore* (see pp. 341, 342). If guilty of the acts and omissions charged, the accountant would unquestionably be liable in such an action, but the capacity in which he would there be brought to book is that of corporate fiduciary, while in the present, he must respond as fiduciary of this estate.

The objections of the son, as a specific legatee of the stock which has been rendered worthless, are obviously well taken. Under ordinary circumstances, those of the widow would not be. Here, however, the widow was expressly cut off by the will from all interest in the estate and elected to take against the will which right has been sustained. (*Matter of Greenberg*, 141 Misc. 874; affd., 236 App. Div. 733; affd., 261 N. Y. 474.) By reason of this fact she is entitled to receive her intestate share in the estate (Dec. Est. Law, § 18) which, under the facts here disclosed, amounts to one-third of its total avails. (Dec. Est. Law, § 83, subd. 1.) Therefore, if, as claimed, the maladministration of the accountant has resulted in a destruction of certain of its assets, this fact would have a direct relation to the sums which the widow would be entitled to receive in distribution even though the particular assets in question were specifically bequeathed to another. It follows that her objections are maintainable.

Whereas the present objections are good as against the motion now made, it is possible that the objectants may deem it wise to amend them somewhat after a careful study of the *Auditore* and *General Rubber Co.* opinions to the end that the litigation may unquestionably be presented on its merits.

The present application is denied, with costs.

Proceed accordingly.