In the Matter of the Estate of RICHARD W. GERMER, Deceased.

Surrogate's Court, Bronx County, March 5, 1935.

*Phillip B. Sahn,* for the accountant, executor.

*Robert Williamson,* special guardian.

HENDERSON, S. The claim of Dr. I. Kennett Mirkin was withdrawn in accordance with the stipulation of the parties. The claim of the executor is allowed in full. The objections of the general guardian of the infant are withdrawn.

The decedent died on February 22, 1931, leaving a will dated February 21, 1931, which contained no mention of his wife, who had been adjudicated an incompetent person in 1925 and committed to a State hospital where she is now confined. Letters testamentary were issued by this court on March 20, 1931. A committee of the incompetent widow's estate was appointed on July 7, 1931. In January, 1935, the committee was authorized by the Supreme Court to make an election on behalf of his ward to take her intestate share against the will, and the committee complied with the provisions of the pertinent statute (Dec. Est. Law, § 18), except with respect to the time within which such election must be made. No application to extend such time was ever made to this court.

The special guardian for the incompetent widow in this proceeding filed objections which the executor moves to dismiss on the ground that the widow is not interested in the estate because her election was not made within the statutory period.

Section 18 of the Decedent Estate Law, in so far as is now material, reads:

" § 18. Election by surviving spouse against or in absence of testamentary provision. 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section. * * *

" 6. The election as herein provided may be made by the general guardian of an infant, when authorized so to do by the surrogate having jurisdiction of the decedent's estate, or may be made in behalf of an incompetent when authorized by the supreme court.

" 7. An election made under this section shall be in lieu of any right of dower, and must be made within six months from the date of the issuance of letters testamentary * * *. But the time to make such election may be enlarged before its expiration by an order of the surrogate's court where such will was probated, for a further period of not exceeding six months upon any one application, upon a petition showing reasonable cause and on notice given

to such persons and in such manner as the surrogate may direct; a certified copy of any such order shall be indexed and recorded in the same manner as the notice of pendency of action in the office of the clerk of each county wherein any real property of the decedent is situated."

The special guardian contends that the election is timely because it was made " *when* authorized by the supreme court."

Subdivision 6 does not enlarge the Statute of Limitations contained in subdivision 7, nor does it confer any jurisdiction upon the Supreme Court to extend the time for making an election as prescribed in subdivision 7. If the Legislature had intended to grant such jurisdiction, it is proper to assume that such intention would have been clearly expressed in appropriate language and that, where realty is involved, provision would have been made for recording such extension as well as the extension which the Surrogate's Court is authorized to grant. The context of the above-quoted portions of the statute requires that the word " when," as used twice in subdivision 6, be interpreted as " if " and not as " whenever," and that the election made by a committee or a guardian, if authorized by the appropriate court, be held to be " an election under this section " and within the provisions regulating elections as prescribed in subdivision 7.

Subdivision 6 merely provides for the making of an election on behalf of a surviving spouse who is legally unable to elect by reason of mental incompetency or of infancy. If unavoidable delay occurs in obtaining the authority required under this subdivision, the period for making the election may be extended from time to time upon timely application under the provisions of subdivision 7. It may be true that in rare instances involving no provable fraud the right to elect may be lost, but the prompt and certain administration of estates demands some short Statute of Limitations upon the exercise of such right. This particular right, unknown to the common law, is a grant from the State, in further limitation upon the right to make testamentary disposition of property, and it may be exercised only in accordance with the legislative intent as clearly expressed in the statute and subject to whatever restrictions or conditions attend the grant. The statutory rules suspending the various statutes of limitations in cases of disability by reason of incompetency (Civ. Prac. Act, §§ 28, 29, 43 and 60) are not applicable to elections to take against wills. The right to elect is not a right of action or of entry, but is merely the right to elect between two rights of action or to accept a right of action under the statute where none otherwise exists. Section 18 of the Decedent Estate Law specially prescribes a limitation

different from any contained in article 2 of the Civil Practice Act (Civ. Prac. Act, § 10, subd. 1).

The election to take an intestate share, filed by the committee of the incompetent widow, pursuant to the authority granted by order of the Supreme Court, was not filed within the time allowed by the statute and, therefore, the right was not validly exercised.

She may not participate in the distribution of the assets. (*Matter of Zweig*, 145 Misc. 839, 847.) The widow is, however, a proper and necessary party to this proceeding by reason of possible rights under other statutes, but the objections raise no issue, if any, thereunder. The motion to dismiss the objections as a pleading by or on behalf of a person not entitled to file objections is denied.

Some of the special guardian's objections were withdrawn upon the hearing. The remaining objections are dismissed upon the merits.

Settle decree.