In the Matter of the Estate of PHILOMENA E. McGARRY, Deceased.

Surrogate's Court, Kings County, May 14, 1935.

*Joseph E. Keenan,* for the petitioner.

*Mordecai S. Jacobson,* for the committee.

*Harding Cowan,* for Helen Vesey, legatee.

WINGATE, S. The questions of law raised by the motion to dismiss the objections upon this executorial accounting concern the rights of the husband of the testatrix under section 18 of the Decedent Estate Law to take against the terms of the will; and his rights to exemptions pursuant to the provisions of section 200 of the Surrogate's Court Act.

The decedent died on March 29, 1933, leaving a will executed on October 4, 1932, which was admitted to probate on January 8, 1934, on which date letters testamentary were issued to the present accountant. This will made no provision whatsoever for testatrix's surviving husband.

This husband, John McGarry, was an adjudicated incompetent at the time of testatrix's death, confined in a State hospital. No committee had then been appointed for him, and he was represented on the probate by a special guardian appointed by this court.

On October 17, 1934, Charles E. Hawkins was appointed a committee of the estate of the incompetent husband and duly qualified as such. By order of Mr. Justice BROWER, of the Supreme Court, dated March 26, 1935, the committee was authorized to make an election against the will, pursuant to the provisions of section 18 of the Decedent Estate Law, on behalf of the incompetent. Such election was attempted to be made by service of notice on the executor on April 4, 1935, and by its filing in this court on April 8, 1935.

Subdivision 7 of section 18 of the Decedent Estate Law, upon which the rights of the husband must be predicated, reads in part: " An election made under this section * * * must be made within six months from the date of the issuance of letters testamentary * * *. But the time to make such election may be enlarged before its expiration by an order of the surrogate's court where such will was probated."

Obviously, on the foregoing demonstration, the acts requisite for the making of the election were not completed until the expiration of fifteen months after the issuance of letters. It is the contention of the committee that this action was timely, since it was performed nine days short of six months after he was appointed to act in that capacity.

In support of this position, the committee points to subdivision 6 of section 18 which provides that " the election as herein provided may be made by the general guardian of an infant, when authorized

so to do, by the surrogate having jurisdiction of the decedent's estate, or may be made in behalf of an incompetent *when* authorized by the supreme court." (Italics not in original.) His argument is to the effect that the " when," italicized in the foregoing citation, is employed as an adverb of time and is to be given the connotation of " at any time."

It is primary that the notes of the Commission, appended to the section, and which were before the Legislature at the time of its enactment, are to be considered in the interpretation of the legislative intent in the employment of the language used. (*Matter of Greenberg*, 141 Misc. 874, 882; affd., 236 App. Div. 733; affd., 261 N. Y. 474; *Matter of Quenzer*, 152 Misc. 796, 799; *Matter of Curley*, 151 id. 664, 668; *Matter of Burstein*, 153 id. 515, 517.)

The note appended to section 18 reads in part as follows: " The right of election given herein to the surviving spouse is intended to be a personal right only except as specially provided in the section with respect to infants and incompetents." (McKinney Consol. Laws, vol. 13, § 18, [note c].)

The only reference to infants and incompetents in the section is the one under discussion, wherefore the note must apply to it, and clearly demonstrates that the word " when " is employed, not as an adverb of time, but with a connotation of condition, meaning that, under ordinary circumstances, the election may be made only by the elector in person, but under the two unusual conditions, is subject to the supervision of the specified tribunals and may be made only if authorized by them.

It is primary that in the determination of whether or not a particular right in derogation of common-law privileges has been given, an enactment circumscribing the previously existing common-law right, is to be strictly construed. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 393; *Dean* v. *Met. El. Ry. Co.*, 119 id. 540, 547; *Matter of Zweig*, 145 Misc. 839, 859; *Matter of Marsh*, 143 id. 609, 614; *Matter of Smith*, 136 id. 863, 880.) In the present instance the right of a surviving spouse to defeat his wife's previously unconditioned privilege to dispose of her property as she wished, is given " subject to the limitations, conditions and exceptions " enumerated in the section, one important instance of which is that the acts requisite to perfect the right be performed within the period of six months specified, unless such time be extended by the authority and in the manner expressly provided.

That there are ample reasons of public policy for the imposition of this condition is demonstrated by the authorities collected at pages 845 and 846 of the *Zweig* opinion (*Matter of Zweig*, 145 Misc. 839), but even were this not the case, the law has been altered

by the Legislature only in favor of persons who comply with certain specified conditions, and it is not the office of a court to grant rights to others than those contemplated in the legislative grant.

This is not a case where the attempted elector has lost anything. He has simply failed to be brought within the limited class who were accorded certain additional rights on the condition that specified acts to that end were performed. Nor is it a case which, under the facts, defied a remedy. Had any interested person, on his behalf, made timely application for an extension of time within which to act, it would unquestionably have been granted. All concerned have, however, allowed the statutory time to pass unheeded, with the result that the ability to take advantage of the new conditional privilege has ceased to exist. *Murphy* v. *Village of Fort Edward* (213 N. Y. 397) is thus inapplicable for two reasons, *first,* because the present attempted elector possessed a clear remedy, if it had been employed; and, *second,* because in the *Murphy* case the existing right, if the statute had been enforced, would have been extinguished by the application of a condition subsequent, whereas here, the failure to do the things required by the statute resulted in no right ever coming into existence.

The court is, accordingly, in full agreement with the opinion of Mr. Surrogate HENDERSON (*Matter of Germer,* 154 Misc. 720), that no right to take against this will was ever perfected, and that the motion to dismiss this objection to the account must be sustained.

The second objection, relative to the rights of the husband under section 200 of the Surrogate's Court Act, is, however, on a different basis. On the one hand, it is asserted by the executor that the incompetent broke up the family relation by an abandonment of the testatrix at a period long prior to the adjudication of his incompetency. If such be the fact, the attitude of the executor would appear justified. (*Matter of Barnes,* 149 Misc. 149, 153; *Matter of Sitkin,* 151 id. 448, 458.) This is, however, denied by the objector. If his denial is based on fact, as must be held for the purposes of this motion, it would appear that his objection was sound, since the court is not presently prepared to assent to the thesis that one who through misfortune is compelled, against his will, to take up a place of abode in an institution thereby *ipso facto* loses his status as a member of his family. In view of the issue of fact in this regard, the case should be set down for hearing on this question.

Proceed accordingly.