In the Matter of the Petition of JAMES E. KEEFE, to Render and Settle His Account as Executor, etc., of PHILOMENA E. McGARRY, Deceased. CHARLES E. HAWKINS, as Committee of JOHN McGARRY, an Incompetent Person, Appellant; JAMES E. KEEFE, Executor, etc., of PHILOMENA E. McGARRY, Deceased, Respondent.— Order of the Surrogate's Court of Kings county in so far as it grants motion to strike out objection to executor's account reversed on the law, with ten dollars costs and disbursements, payable out of the estate, and motion denied. Under the facts of this case, the court is of the opinion that the just and liberal rule of statutory construction adopted in Murphy v. Village of Fort Edward (213 N. Y. 397) should be applied here. The court does not assert the rule to be an inflexible one, to be applied even where it might work an injustice. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

In the Matter of the Application of SOPHIE MORRIS, Appellant, for Dissolution of Her Marriage with ALEXANDER D. MORRIS, Pursuant to Section 7-A of Domestic Relations Law.— Upon appeal by petitioner from an order denying her application for a dissolution of her marriage pursuant to section 7-a of the Domestic Relations Law, the order is reversed on the law and the facts and the petition is granted. The court at Special Term denied petitioner's application upon the ground that the husband stated that he was going to run away and did not intend to support the family, and upon this ground the court refused to presume that the husband is dead. We are of opinion that the petitioner's testimony was sufficient upon which to ground an order dissolving the marriage. (See Matter of Lane, 232 App. Div. 690; Matter of Heilweil,, Id. 610.) Lazansky, P. J., Carswell, Scudder, Tompkins and Johnston, JJ., concur.

In the Matter of the Application of HENRY PIELSTICKER, Also Known as HARRY PIELSTICKER, Petitioner, against JENKIN R. HOCKERT, Clerk of the County of Queens, State of New York, Respondent.— In a certiorari proceeding to review the determination of the county clerk of Queens county in dismissing the petitioner from his position as a laborer in the county clerk's office, determination of the county clerk annulled, certiorari order sustained and the county clerk directed to reinstate relator in his former position as a laborer, with fifty dollars costs and disbursements to the petitioner. In our opinion, the respondent failed to sustain the burden upon him of proving the charges against the petitioner by a preponderance of evidence. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

In the Matter of the Application of FRED RAMSAY, Appellant, for a Certiorari Order against TOWN BOARD OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, and Others, Respondents, with Reference to the Establishment of Uniondale Water District.— In a certiorari proceeding to review the determination of the town board of the town of Hempstead, Nassau county, with reference to the establishment of the Uniondale water district, determination of the town board with reference to the establishment of said district unanimously confirmed, with twenty-five dollars costs and disbursements, and certiorari proceeding dismissed. In the same proceeding, order denying the petitioner's motion to annex an affidavit to the return affirmed, with ten dollars costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.