In the Matter of the Estate of RICHARD R. BOWKER, Deceased.

Surrogate's Court, New York County, November 19, 1935.

*Spencer, Ordway & Wierum,* for the executors.

*Emanuel Lewin,* for the committee of the property of the widow, the incompetent.

DELEHANTY, S. Deceased died leaving a will executed after August 31, 1930. In respect of it, therefore, there was by virtue of section 18 of the Decedent Estate Law a right of election reserved to his widow who survived him. His will was admitted to probate on December 29, 1933. In the probate proceeding a special guardian was appointed for the widow on an allegation in the petition that she was probably mentally incompetent though not judicially declared so to be. The special guardian found no objection to the probate.

In May, 1935, about seventeen months after the probate decree was entered, the Supreme Court appointed a committee for the widow, and on August 31, 1935, some twenty months after the admission of the will to probate, the committee procured from the Supreme Court an order authorizing it to exercise the rights, if any, of the widow to take an intestate share under section 18 of the Decedent Estate Law. On September 10, 1935, what purports to be a notice of election to take the intestate share was filed by the committee in behalf of the incompetent. On this accounting proceeding the question is presented whether such election is valid. Claim is made by the committee that by reason of section 60 of the Civil Practice Act the election is timely because of what is asserted to be incompetency existing as of the date of death of deceased continuing uninterruptedly thereafter. Section 60 of the Civil Practice Act provides, among other things: " If a person entitled to maintain an action * * * is at the time when the cause of action accrues * * * insane * * * the time of such a disability is not a part of the time limited * * * for commencing the action."

For the purpose of determining the validity of the election attempted in behalf of the widow it will be assumed that proof of incompetency at the time of death and continuously thereafter has been made. The court holds that such incompetency does not affect the short statute of limitations written into section 18 of the Decedent Estate Law; and holds that the terms of section 60 of the Civil Practice Act are not applicable to effectuate an extension of the right of election given by the Decedent Estate Law. Mr. Surrogate HENDERSON, in *Matter of Germer* (154 Misc. 720), has summarized the point at issue. He says: " It may be true that in rare instances involving no provable fraud the right to elect may be lost, but the prompt and certain administration of estates demands some short Statute of Limitations upon the exercise of such right. This particular right, unknown to the common law, is a grant from the State, in further limitation upon the right to make testamentary disposition of property, and it may be exercised only in accordance with the legislative intent as clearly expressed in the statute and subject to whatever restrictions or conditions attend the grant. The statutory rules suspending the various statutes of limitations in cases of disability by reason of incompetency (Civ. Prac. Act, §§ 28, 29, 43 and 60) are not applicable to elections to take against wills. The right to elect is not a right of action or of entry, but is merely the right to elect between two rights of action or to accept a right of action under the statute where none otherwise exists. Section 18 of the Decedent Estate Law specially prescribes a limitation different from any contained in article 2 of the Civil Practice Act (Civ. Prac. Act, § 10, subd. 1)."

Similar result has been reached in *Matter of McGarry* (155 Misc. 467).

The court holds that the rule in these cases is sound and holds that the attempted exercise of the right of election by the committee of the incompetent widow was ineffectual and hence that the objection based upon the failure to set apart to her an intestate share is without substance. Such objection is dismissed.

The committee of the incompetent widow also asserts that there is a violation of section 17 of the Decedent Estate Law in that deceased by his will attempted to transfer to charity more than one-half part of his estate after the payment of his debts. This will puts the whole residuary in trust for the life of the incompetent widow. Whether or not there is a violation of section 17 of the Decedent Estate Law depends in large measure upon the rule to be applied in valuing the widow's life estate. The attention of the court is directed to the fact that under section 249-v of the Tax Law there is statutory direction to the State Tax Commission to

value future estates on the basis of the " actuaries' or combined experience table of mortality, as extended," and on the basis of an interest rate of four per centum per annum compounded annually. This is similar to provisions of the United States Revenue Act and no doubt was enacted pursuant to a general plan to make the administrative features of both Federal and State tax statutes identical.

This direction is an administrative direction and substitutes for tax assessment purposes a different rule than that which has been in use generally in the courts for the computation of future estates. There would be a difference in valuation of the widow's life estate depending on which method is used. While the rule of the Tax Law is binding in tax computations it should be noted that the Legislature did not make the direction applicable in any other field of law. Without such legislative direction there should not be a departure from the standard practice which has used the five per cent rate and the American experience tables. Both by rules 30 and 243 of the Rules of Civil Practice, adopted by the convention held pursuant to chapter 902 of the Laws of 1920, as amended by chapter 370 of the Laws of 1921, the courts of this State are bound to use a five per cent rate and the American experience tables. These rules of practice are declared by the enactment last cited to be " binding on the courts of the State and the justices and the judges thereof." It is notable that in its amendment of the Tax Law in 1932 the Legislature left untouched these rules of practice. Accordingly the court holds that the rate applicable to the valuation of the life estate of the widow of deceased is a five per cent rate and that the American experience table of mortality must be used as the basis for determining the length of her prospective term.

Using this rule of measurement a value is reached which, on the stipulated value of the estate, leaves a sum of only $110.29 as the excess of the charitable gift over the amount representing one-half of the estate less debts. Such excess is inconsequential. It comes within the maxim *de minimis non curat lex.* The amount of it will no doubt be exhausted in the necessary expenses still to be allowed upon this accounting. In such circumstances, the courts have held that a gift to charities should be sustained. (*Matter of Schalkenbach,* 155 Misc. 332.)

Another contention of the committee should be noticed. It is in effect that if there be any violation of the restrictions in section 17 of the Decedent Estate Law the establishment of such violation vests in the person entitled under that section to take advantage of the statute the power to take as in intestacy wholly irrespective of the other provisions of the will. There is no support for this view-

point. The gift to charity is not rendered wholly void by the fact that it may exceed the limitation. So much of the gift as is valid is permitted to stand. So much of it as exceeds the statutory limit is held invalid and passes under other pertinent provisions of the will, or in intestacy, as the case may be. The language of *Matter of Hills* (264 N. Y. 349) does not support the position taken by the committee.

The adjustment made between the parties respecting the claim of the widow under section 200 of the Surrogate's Court Act is approved.

Submit, on notice, decree construing the will and settling the account in conformity with this decision.