In the Matter of the Estate of BENJAMIN J. AVCHIN, Deceased.

Surrogate's Court, Kings County, February 14, 1936.

*Orrie L. Shure,* for Robert S. Chernuchin, as executor.

*Louis J. Horowitz,* for Sarah Benjamin, committee of Lizette Avchin, incompetent surviving spouse of deceased.

WINGATE, S.   The present proceeding to determine the validity of the election made on behalf of an incompetent spouse to take in contravention of the will of the decedent, possesses interest merely by reason of the fact that the Appellate Division for the Second Department has apparently disagreed (*Matter of McGarry,* 245 App. Div. 834; affd. without opinion, 270 N. Y. 514) with the results attained by all of the surrogates who have passed upon the same question. (*Matter of Germer,* 154 Misc. 720, Bronx county; *Matter of McGarry,* 155 id. 467, Kings county; *Matter of Bowker,* 157 id. 341, New York county.)

The facts in the case at bar are not in dispute.   The surviving spouse, Lizette Avchin, was adjudicated an incompetent on October 27, 1930, and committed to the Central Islip State Hospital, of which she is still an inmate.   The decedent died on January 26, 1934, leaving a will executed twenty days earlier, which expressly excluded the widow from participation in the estate.   This will was admitted to probate in this court on March 17, 1934.

At the time of the probate no committee had been appointed for the widow, but such appointment was made on November 13, 1934, more than six months after the date of probate.   On April 19, 1935, the committee served a notice on the executor electing, on behalf of the incompetent, to take her intestate share in the estate pursuant to the provisions of section 18 of the Decedent Estate Law, which notice, with proof of service, was filed and recorded in this court on April 20, 1935.

No order of the Supreme Court as contemplated by subdivision 6 of section 18 of the Decedent Estate Law had been procured prior to the service and filing of the purported notice of election by the committee, but on September 19, 1935, an order was made by Mr. Justice SAMUEL H. HOFSTADTER at Special Term, Part II, in New York county, reading in part: " Ordered that the said Sarah Benjamin, as Committee of Lizette Avchin, an incompetent person, be and she hereby is authorized, allowed and permitted to file a notice of election in the Estate of Benjamin J. Avchin, deceased, pursuant to Section 18 of the Decedent Estate Law *nunc pro tunc* as of the 20th day of April, 1935."

As hereinbefore noted, were it not for the decision of the Appellate Division in the *McGarry* case, the unanimous opinion of the surrogates of three of the most populous counties of the State would have determined that the attempted election of the present committee

was nugatory. It, therefore, becomes necessary to analyze the result in that case in order to determine whether it constitutes an opposite controlling authority for a contrary result.

In the *McGarry Case* (155 Misc. 467) the testatrix died on March 29, 1933, leaving a will executed on October 4, 1932, which was admitted to probate on January 8, 1934. By its terms no provision was made for her husband who was an adjudicated incompetent, confined in a State institution. A committee was first appointed for him on October 17, 1934, and an order authorizing election against the will on behalf of the incompetent was made on March 26, 1935. The election was served on April 4, 1935, and filed and recorded on April eighth.

The memorandum of the Appellate Division in respect to this situation read (245 App. Div. 834): " Under the facts of this case, the court is of the opinion that the just and liberal rule of statutory construction adopted in *Murphy* v. *Village of Fort Edward* (213 N. Y. 397) should be applied here. The court does not assert the rule to be an inflexible one, to be applied even where it might work an injustice."

This memorandum remits the inquiry to the rule enunciated in the cited case. That was an action to recover for negligent injury, against the defendant village, on behalf of a child who, at the time of the injury, was five years old. Section 341 of the Village Law provided that no such action should be maintained unless it was commenced within one year, nor unless a verified statement of the nature of the claim had been filed with the village clerk within sixty days after the cause of action accrued.

The notice in the case was not filed until about twenty-three months after the injury, and the question presented was whether such failure was " a bar to the maintenance of the action " (p. 400).

In determining this question in the negative, the court relied in considerable measure upon the authority of *Winter* v. *City of Niagara Falls* (190 N. Y. 198), which was a similar action and in which it was said (See 213 N. Y. 402): "' No rigid rule can be established. If an infant of ten years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If twenty years of age and mature, and not disabled unduly by his injuries, then the statutory requirement should be applicable. " Each case must be a law unto itself " within reasonable limits.'"

The court thereupon made the following statement (p. 402), which is apparently the " liberal rule of statutory construction " to which reference is made in the *McGarry* case: " In this state the maxim that the law does not seek to compel a man to do that which

he cannot possibly perform has been made the basis for the principle that physical and mental inability to comply with a statutory provision of the kind under consideration excuses non-compliance."

Whereas, of course, an affirmance without opinion by the Court of Appeals does not furnish an ultimate precedent by that court other than for the final result in the particular case (*Rogers* v. *Decker*, 131 N. Y. 490, 493; *People ex rel. Palmer* v. *Travis*, 223 id. 150, 156; *Scott & Co.* v. *Scott*, 186 App. Div. 518, 526; *Matter of Brush*, 154 Misc. 480, 483), the distinction, in a case like the present, is one without a difference. The statute expressly provides that an election, to be effective, must be made within six months from the date of letters. The Court of Appeals has affirmed a result which nullifies this provision in a case in which there was a condition of " mental inability to comply with " the " statutory provision " on the part of the potential elector. Since any adjudicated incompetent would be subject to like mental inability, and since it would seem improbable in any case of total mental incapacity that the neglect or dereliction of another, whether committee or friend, over whom he had no control, would be imputed to the incompetent (*Dyer* v. *Erie R. R. Co.*, 71 N. Y. 228, 234; *Kupchinsky* v. *Vacuum Oil Co.*, 263 id. 128, 130; *Hardin* v. *New York Central R. R. Co.*, 205 App. Div. 157, 158, 159; *Callahan* v. *Sharp*, 27 Hun, 85; affd., 95 N. Y. 672), the rule, as established by the higher courts, would appear to be that the limitation in section 18 of the Decedent Estate Law respecting the time within which the acts of election are to be performed, is substantially, if not, indeed, wholly, inoperative in such a case.

However this may be, the facts of the case at bar are in no wise substantially distinguishable from those which were passed upon by the Appellate Division in the *McGarry* case. In both, the surviving spouse was an adjudicated incompetent, having no committee at the time of issuance of letters on the estate of the decedent. In the *McGarry* case the committee was appointed nine months and nine days after probate; in the present, seven months and twenty-six days. In the *McGarry* case the election was filed five months and twenty-two days after the appointment of the committee; in the present, five months and seven days.

The only possible point of distinction on the facts is that in the *McGarry* case a Supreme Court order permitting election was procured twelve days before the completion of the specified statutory steps for the perfection of the right, whereas in the case at bar it was secured five months thereafter.

No stress has been laid on this circumstance in the present proceeding, but in view of the fact that in several recent instances

litigants have urged questions on appeal which were not argued in the first instance, the question deserves attention. No assistance in the solution of the question has been tendered by counsel and the court has been unable to find any precedent directly in point. As is observed by Judge LEHMAN in *Valz* v. *Sheepshead Bay Bungalow Corp.* (249 N. Y. 122, 134): " No rule or measure has ever been devised by which we may determine in every case, with definite certainty, whether a defect is jurisdictional or is a mere irregularity which may be disregarded or amended."

In that case the Court of Appeals, by a sharply divided court, held that an order for service of summons in specified newspapers was capable of amendment *nunc pro tunc* so as to designate other media of publication which had inadvertently been employed. The basis of the decision (p. 136) was that it was the " purpose of the Legislature to give to a non-resident defendant notice of the bringing of the action and opportunity to appear therein," and that " The court or judge merely selects the instrument  The instrument derives no added force by such selection in advance. No conceivable purpose of the Legislature is thwarted if the court disregards the inadvertent use of an instrument not selected by a judge in advance, if the instrument is one which the court might have selected originally. No safeguard which the Legislature has chosen to provide for the benefit of a non-resident defendant is rendered less effective if the court cures such a defect in the service by publication by order made after the publication is complete."

Since the higher courts in the present connection have decided that what was formerly believed to have been the chief object of the six months' limitation on election, namely, the assurance of fluidity of real estate titles, is not a determining consideration, it appears obvious that the remaining essentials of the statute, so far as it applies to incompetent survivors, is that notice of election be given by the committee of the incompetent. Such a functionary is, in the ordinary case, merely a conservator of the property of the insane person and acts subject to the direction and control of the court of his appointment. (*Matter of Rasmussen*, 147 Misc. 564, 567.) In many respects, his powers, functions and duties correspond with almost complete exactness with those of a temporary administrator in this court. (See *Matter of Levine*, 157 Misc. 454, 456, 457.) In both relations the duty of conservation and supervision is in essence that of the court itself, and the committee or temporary administrator, as the case may be, is merely the ministerial agent of the particular tribunal whose responsibility it is. (*Matter of Levine*, 158 Misc. 116.) If this conception be borne in mind, it becomes apparent that any act of the agent in excess

of his authority may be ratified by his principal with like effect as if it had initially been within his authorized powers. (*Newton* v. *Bronson*, 13 N. Y. 587, 594; *Hamlin* v. *Sears*, 82 id. 327, 331; *Ramsay* v. *Miller*, 202 id. 72, 76.) Here the primary duty to care for the welfare of the incompetent was that of the court itself. The committee, as its ministerial agent, performed an act which, while unauthorized at the moment, was obviously beneficial to the ward and was subsequently recognized as such and formally ratified by the court. There was nothing in the act which was in the least jurisdictional, since, under the theory adopted by the appellate courts, the entire transaction was at all times within the scope of the authority of the Supreme Court. It must, therefore, be determined that the ratification of the act of the committee, *nunc pro tunc*, placed the entire matter in the same position as if the authorization had been obtained prior to the service and filing of the notice of election.

One additional matter, not noted by the parties, requires a passing word. The Supreme Court order of authorization conferred the authority " to file a notice of election   *   *   *   *nunc pro tunc* as of the 20th day of April, 1935." Under the statute permitting election, two acts, namely, service and filing, are both required. (*Matter of Zweig*, 145 Misc. 839, 849.) Whereas, however, the order of authorization is technically defective for the reason that permission is given only to perform a part of the acts necessary to mature the election right of the incompetent, the intent of the court granting the order to permit its complete assertion and effectuation is entirely patent, wherefore since no one has been misled thereby, it is incumbent upon this court to disregard this unsubstantial defect in the order. (Cf. *Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 N. Y. 402, 406; *Loring* v. *Binney*, 38 Hun, 152, 156; affd., 101 N. Y. 623; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 id. 122, 133.)

With the elimination of these non-essentials this court is unable to distinguish the facts of the present proceeding from those of the *McGarry* case and is accordingly constrained by the determination therein to decide that the election made herein on behalf of the incompetent surviving spouse is valid.

Enter decree on notice.