Edgar F. Hazleton, S.
Nancy Church. Turcott, as executrix and trustee of a testamentary trust created under the will of the decedent, has petitioned for a construction of said will and trust and for instructions. Nancy Louise Turcott, the daughter of the decedent and a beneficiary under the trust, joined with her mother in such petition.
The decedent died on October 27, 1950 and his will, executed on May 9, 1941 was duly admitted to probate by this court, with letters testamentary issuing on December 19, 1950 to his widow, Nancy Church Turcott, as executrix under the will. By instrument dated February 20, 1951, said widow and executrix elected to take against the will under section 18 of the Decedent Estate Law and said instrument was filed herein on March 19, 1951. The widow has continued to act as executrix and presumably will act as trustee under said will.
Section III of the will provides in part as follows:
“In the event of my death, should my wife, NANCY CHURCH TURCOTT survive me, I grant, devise and bequeath all of my estate, both real and personal, unto NANCY CHURCH TURCOTT, as Trustee, to have and to hold in trust, however, for the use and benefit of my beloved daughter, NANCY LOUISE TURCOTT, subject to the provisions hereinafter set forth:
“1. Realizing and recognizing the fact that my said wife, NANCY CHURCH TURCOTT, has a separate and independent income, should said income be depleted, then in such event I direct that the said NANCY CHURCH TURCOTT shall have the right upon the happening of such contingency, to utilize for her maintenance and support in life and live in that station as she has heretofore been accustomed to do, such part of the principal or interest of my said estate as may be reasonably necessary.”
Although not necessary to this proceeding, it is assumed that the contingency and language encompassed by the above subdivision 1 has been rendered nugatory and sterile by the widow’s election against the will.
Both petitioners herein seek a construction as to whether a valid trust for the benefit of Nancy Louise Turcott is created by said language or whether said trust is “ a dry and passive trust which is executed by analogy to the statute of uses in this State (Real Property Law Secs. 92 and 93).” In support of the possibility of such a latter construction, counsel for petitioners cite Matter of Reed v. Browne (295 N. Y. 184). In that case (involving income taxe?) the Court of Appeals *463 held that the “ trust ” there involved created a legal life estate which could be renounced or otherwise alienated so as to preclude the assessment of income taxes to the life tenant after such alienation. That case has no application to the trust language and other facts here presented.
The income beneficiary, Mary Louise Turcott, presently is approximately 25 years of age. The will was executed by her father in 1941 when she was about 10 years of age. In view of the apparent possession by his wife of independent means, the daughter became a natural object of her father’s concern and bounty. I find he intended to and did create a valid trust for the benefit of such daughter under section III of his will. Any doubt as to such intent is dispelled by reference to other sections of the will and considering such document as a whole. (Matter of James, 146 N. Y. 78; Matter of Winburn, 265 N. Y. 366, 375.)
The decedent, however, did not provide in section III of the will any limitation on the term of the trust other than the implied term of the income beneficiary’s life nor did he in said section provide for any disposition of the corpus. However, in section VI of the will he clearly spelled out his intent that his daughter should receive any accumulated income when she reached the age of 21 years, and that he intended her to receive one quarter of the trust principal at the ages of 21, 25, 30 and 35 years. Although the will might have been more artfully drawn, the testator’s intent is clear and it is the duty of this court to declare and enforce such intent, particularly here where any possible doubt should be resolved in favor of the income beneficiary, an avowed and close object of the testator’s concern. The court is of the opinion that the daughter is entitled at this time to one half of the original principal of the trust since she has attained the age of 25 years and that the additional such quarters be paid to her on her arriving at the ages of 30 and 35 respectively. The court does not pass at this time on any questions relating to the disposition of any such remainder interest in the event the daughter does not attain such ages.
In subdivision 1 of section VI, the decedent subjected the trust to a possible charge of $1,000 per year to be paid to his mother, Bridget Turcott for her life ‘" in the event my said Mother shall need the same or request it.” Presumably said beneficiary is dead. In any event, no citation has been issued to her. Counsel for petitioners are directed to file an appropriate affidavit as to the status of Bridget Turcott with the proposed decree which shall contain proper recitals as to her.
*464 The widow also seeks one third of the estate under her filed notice of election. This application to pass on the widow’s right of election (bearing in mind she is also executrix) might more properly be disposed of on her final accounting as such executrix. The relief is granted but as a condition thereof, she is directed to file an affidavit setting forth that she has not waived this right under any of the provisions set forth in section 18 of the Decedent Estate Law together with proof of service upon the daughter of such affidavit and notice of election.
The petition is granted as herein indicated. Submit decree on notice.