Joseph A. Cox, S.
The alleged surviving spouse of the testatrix heretofore asserted a right of election, pursuant to section 18 of the Decedent Estate Law, to take against the provisions of the will. Thereafter a proceeding was instituted to determine the validity of that election and such proceeding, in which the alleged spouse has appeared, is pending.
In the instant proceeding for the judicial settlement of the accounts of the temporary administrator and the executor, the alleged spouse was served with citation in Pennsylvania pursuant to section 56 of the Surrogate’s Court Act. He has appeared specially and moves to set aside the service of citation and for dismissal of those allegations in the petition in the accounting proceeding which ask that there be set off against any elective share an alleged indebtedness from him to the estate.
An alleged spouse who has asserted an elective right under section 18 of the Decedent Estate Law is a proper and necessary party to an accounting proceeding (Matter of Germer, 154 Misc. 720, 723; Matter of Turcott, 10 Misc 2d 461, 464; Matter of Greenberg, 149 Misc. 275). The validity of a right of election may be determined either in an accounting proceeding or in a proceeding instituted for that purpose pursuant to section 145-a of the Surrogate’s Court Act, but, in most cases, practicality requires that the direction for payment of an elective share be *251 made in a decree on accounting. In view of this, the two pending proceedings will be consolidated but a determination as to the validity of the asserted right of election will be made prior to the hearing of other issues that may arise in the settlement of the accounts.
If it shall be determined that the movant is entitled to an elective share of the estate, a debt of the spouse may be set off against such elective share (Matter of Van Nostrand, 177 Misc. 1, 7 and authorities there cited). The basis for such an adjudication is that this court has jurisdiction of the property affected by the setoff and jurisdiction in personam is not a prerequisite to a determination as to the amount of estate assets, if any, which may be payable to the spouse (Matter of Horton, 217 N. Y. 363; Matter of Buckman, 270 App. Div. 707, affd. 296 N. Y. 915). The motion to set aside the service of citation and to strike or dismiss allegations of the petition is denied.