John D. Bennett, S.
This is a proceeding to compel the executors to pay a portion of the petitioner’s share as a legatee in this estate.
Pursuant to a stipulation dated March 31, 1959, the parties agreed that even though there would be a court determination that certain properties in their individual names were in reality beneficially owned by the decedent, they would nevertheless individually continue to collect the “ income, rents and profits thereof until final distribution is made of the assets of the estate of Frank A. Ludlam, at which time the income, rents and profits so received by El Rena L. Schoelles shall be credited as payments made by the executors to her against the share payable to her from the estate ”.
One of the parcels nominally held by the petitioner, El Rena L. Schoelles, is generally referred to as the Kabor property and *171 was sold in a prior proceeding for advice and direction. The net proceeds of this sale, estimated to be $75,000, is what the petitioner now seeks to have turned over to her as a partial distribution. The petitioner claims that not only is this procedure indicated by the terms of the stipulation of March 31, 1959, but that Nathan Zausmer, one of the coexecutors, agreed to such distribution.
The argument that the stipulation of March 31, 1959, envisioned a distribution of the proceeds of sale of any property to the nominal owner is untenable. The agreement is completely silent on this point. Equitably, however, it would appear that the petitioner, under the agreement, should continue to receive the income from the proceeds of the property even though its form has now been converted. The petitioner, however, does not ask for this relief and accordingly it will not be considered further at this time.
The contention that Mr. Zausmer agreed, as a condition of the petitioner’s consent to the sale of the Kabor property, to distribute to her the net proceeds thereof is not warranted on the uncontroverted facts appearing in the papers and a hearing on this point is denied. It inescapably appears that in the proceeding for advice and direction, the petitioner was just as desirous of liquidating the Kabor property as the executors and without any assertion on her part that a sale was at that point absolutely conditioned on her receiving the net proceeds as a distribution.
Lastly, the petition considered solely as one pursuant to sections 217, 218 and 221 of the Surrogate’s Court Act without the considerations discussed above, does not indicate that the petitioner therein would be willing to file a bond as would be required under section 221 of the Surrogate’s Court Act. Furthermore, as has been observed by Surrogate Wingate in Matter of Quenzer (152 Misc. 796), the relief afforded by section 217 was intended for use only in extraordinary situations not present here.
This estate has been enmeshed in seemingly interminable litigation and there are various accounts now pending which by the avowed statement of both factions will necessitate further extensive litigation. A section 217 proceeding was never intended to act as a substitute vehicle for an accounting proceeding. For the court now to embark upon what would be in effect a duplication of a full judicial settlement of the executors’ account is unrealistic and unjustified. The petition is accordingly dismissed without prejudice to the seeking of the relief herein sought in the accounting proceedings now pending and *172 also without prejudice to amending the present prpceeding to seek the income from the proceeds of the property sold or to obtain the principal sum realized from the sale of such property by posting a bond therefor to protect the estate.