In the Matter of the Estate of BREWER D. PHILLIPS, Deceased. ANNA H. M. PHILLIPS, an Incompetent, by LEWIS C. MERRILL, as Committee, Appellant; BANK OF JAMESTOWN, as Executor of BREWER D. PHILLIPS, Deceased, et al., Respondents.

Fourth Department, June 18, 1943.

*William J. Darch, W. Travis Look* and *George W. Watson* for appellant.

*Clive L. Wright* for respondent Bank of Jamestown, executor.

*Walter H. Edson* for respondents, adult heirs and legatees.

*Willard W. Cass,* special guardian for Ann Phillips, infant.

*Per Curiam.* On the 18th day of June, 1921, Anna H. Merrill and Brewer D. Phillips intermarried. Each had been married and each had children then living. Mr. Phillips was an experienced business man and the possessor of a very considerable estate. Mrs. Merrill was an uneducated, inexperienced woman.

She had a very small estate of her own. On June 10, 1921, they entered into an antenuptial agreement which is the subject of this litigation. By the terms of that agreement Mrs. Merrill agreed to make no claim against the estate of Mr. Phillips providing he set up a trust for her as specified in the agreement. Mr. Phillips agreed to waive any interest he might have in her estate but he did not obligate himself to set up the said trust or to make any other provision for the maintenance of his intended wife. The agreement was acknowledged by both parties.

On July 14, 1939, Mr. Phillips made a will wherein he set up a trust for the benefit of his wife so long as she remained a widow after his decease. Mr. Phillips died on March 14, 1941. His will was probated without objection on the part of Mrs. Phillips. At the death of Mr. Phillips, Mrs. Phillips was incompetent. A committee of her estate was appointed. The committee petitioned the Supreme Court and procured an order permitting him as such committee to elect, on behalf of the incompetent, to take her intestate share in the estate of her deceased husband. Such share was of far greater value to the incompetent than the income from the trust contained in the will. The committee duly served on the executor of the estate of the decedent an election to take the intestate's share of said estate. The executor rejected the election. The committee then instituted a proceeding, on notice to all interested parties, to have the Surrogate declare said election to be valid. Issues were framed and an order was made directing that they be tried before a jury in County Court.

At the close of the petitioner's proof, there was evidence sufficient to prohibit the respondents from enforcing the antenuptial agreement unless they first proved that the conduct of the deceased husband " was characterized with the utmost good faith, and that disclosure was made of all the material facts, or that the other party acted with a clear comprehension of the object and effect of the agreement made." (*Graham v. Graham,* 143 N. Y. 573, 580.) On the proof as made the transaction was presumed to be void and it was incumbent on the respondents " to show affirmatively that * * * all was fair, open, voluntary and well understood." (*Cowee v. Cornell,* 75 N. Y. 91, 100.) The petitioner, in order to succeed, was not required to show actual or positive fraud on the part of the decedent. If the decedent misled the petitioner to her prejudice " even though he intended no actual wrong," the instrument in question would nevertheless be null and void. (*Matter of Smith,* 243 App. Div. 348, 353.) The burden of establishing the waiver was on the respondents. (*Matter of Colaci,* 288 N. Y. 158, 162.)

In enacting section 18 of the Decedent Estate Law, the Legislature intended to increase the share of a surviving spouse and a liberal construction must be given that statute. (*Matter of Byrnes,* 260 N. Y. 465, 472.) At the close of the petitioner's case, the court, without hearing the proofs of the respondents, if any they had, directed a verdict in favor of the respondents and made a decree purporting to sustain the antenuptial agreement and declaring the election as made void. From that decree and certain orders the petitioner has appealed.

While it was error to direct a verdict and to make the decree appealed from we conclude that a new trial is not necessary. We think the antenuptial agreement was not binding on the incompetent for the reason that said agreement obligated the deceased husband to do nothing except to release his possible interest in the estate of the petitioner. If, on the other hand, the agreement was binding on the decedent, the trust set up under the decedent's will was not the kind of trust contemplated by the parties under said agreement or as permitted by sections 18 and 111 of the Decedent Estate Law or section 21 of the Personal Property Law. (*Matter of Curley,* 269 N. Y. 548.) Under the trust as set up in the will of the decedent, the trustee was empowered to invade the principal. This was contrary to the provisions of the agreement and constituted a breach thereof. (*Matter of Matthews,* 255 App. Div. 80, 84.) We conclude that the antenuptial agreement was not sufficient within the provisions of section 18 of the Decedent Estate Law to deprive the incompetent of the right of election accorded her by that section and her election was in all respects valid and binding on the respondents.

The orders and decree should be reversed and the matter should be remitted to the Surrogate's Court to enter a decree sustaining the validity of the election made by the incompetent by and through her committee.

All concur, except CUNNINGHAM and TAYLOR, JJ., who dissent and vote for affirmance. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Decree and orders reversed on the law and facts, without costs of this appeal to any party and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion. Certain findings of fact disapproved and reversed. [See 266 App. Div. 941.]