■ In the Matter of the Estate of GLADYS COLIN, Deceased. ALAN M. LEWIS, as Executor of GLADYS COLIN, Deceased, Appellant; BARI DUBOWSKY, as Executor of SAMUEL COLIN, Deceased, Respondent. [803 NYS2d 794]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Sullivan County (Ledina, S.), entered August 23, 2004, which, inter alia, granted respondent's motion for summary judgment.

The issue before us is whether decedent's husband adequately exercised a right to election under EPTL 5-1.1-A (d) (1). Decedent died in August 2001 and her will appointed petitioner, her son, as executor. In April 2002, petitioner's attorney sent a letter to the attorney for decedent's husband instructing her that all future correspondence regarding decedent's estate should be mailed to him rather than petitioner. On June 11, 2002, letters testamentary were issued to petitioner. Later that month, decedent's husband executed a right of election which was filed with the clerk of Surrogate's Court and a copy mailed to petitioner's attorney. Decedent's husband died in October 2002 and respondent was appointed executor of his estate. In April 2003, petitioner commenced this proceeding seeking a judicial determination that decedent's husband had not elected against *decedent's estate* because the notice of election had been served upon petitioner's attorney rather than petitioner. Both parties moved for summary judgment on the notice of election issue. Surrogate's Court, finding service of the notice of

election sufficient, granted respondent summary judgment and petitioner now appeals.

EPTL 5-1.1-A (d) (1) provides, in relevant part, that written notice of election, in addition to being properly filed with Surrogate's Court, "shall be served upon any personal representative"* and, further, that "[s]uch notice may be served by mailing a copy thereof, addressed to any personal representative . . . at the place of residence stated in the designation required by SCPA 708 or in such other manner as the surrogate may direct." The statutory provisions regarding the spousal right of election are generally afforded a liberal construction (*see Matter of Byrnes*, 260 NY 465, 472 [1933]). The manner of service of a notice of election may be sufficient when there has been "substantial compliance with the statute" (*Matter of Davis*, 262 App Div 1064, 1064 [1941], *appeal dismissed* 287 NY 767 [1942]; *see Matter of Prescott*, 194 Misc 827, 829 [1949]). Here, petitioner's attorney directed the attorney for decedent's husband that all future correspondence regarding the estate should be sent to him. The notice of election was mailed to that attorney within three months of the letter containing these instructions. It is uncontested that petitioner had knowledge of the notice of election. Indeed, the estate's November 2002 federal estate tax return included a deduction for the spousal election. Under the circumstances of this case, we are not persuaded that Surrogate's Court erred in finding substantial compliance with the statute.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

 ---

* A personal representative is "a person who has received letters to administer the estate of a decedent" (EPTL 1-2.13).