In the Matter of the Judicial Settlement of the Account of LESLIE J. FELT, as Executor, etc., of AUGUSTA MARTIN, Formerly AUGUSTA PRITSCHKAT, Deceased.

GEORGE MARTIN, Appellant; ADOLPH PRITSCHKAT, Respondent.

First Department, May 31, 1935.

*Herbert J. Ryan* of counsel [*James R. Lyttle* with him on the brief; *Ryan & Lyttle*, attorneys], for the appellant.

*Matthew M. Levy* of counsel [*Louis Kantor* with him on the brief; *Panken & Levy*, attorneys], for the respondent.

GLENNON, J.   This is an appeal by George Martin, the surviving husband of Augusta Martin, deceased, from so much of a decree as determines that the appellant has no interest in the estate of the decedent by reason of his failure to file and record a notice of election pursuant to the provisions of section 18 of the Decedent Estate Law.

Augusta Martin died a resident of the county of Bronx, leaving a last will and testament wherein she declared, in substance, that her husband was not to receive any part of her estate.   The reason assigned " is because he is living separate and apart from me and has failed to support me."   The will was executed the 11th day of July, 1932.   It was conceded by the executor that the parties were living together at the time Augusta Martin died.   How long a time elapsed between the execution of the will and her death does not appear in the record.   Apparently, it is fair to assume that a change of circumstances did occur whereby the husband and wife had reconciled their differences between the date of the will and her death.

The will was admitted to probate and letters testamentary were issued on the 7th day of March, 1933.   In Schedule " G," annexed to his account, the executor said, " On or about February 24, 1933, George Martin, the husband of the decedent, served upon the executor a formal notice of election dated February 24th, 1933, under Section 18 of the Decedent Estate Law to take his share of the estate as in intestacy."   Upon the hearing of the objections to the accounting held on February 14, 1934, the attorney for the appellant stated in part, " There is on file in this court a notice of election to take, properly dated, taken on the 24th of February, 1933, and it has been there since then."   The question of filing did not seem to be seriously disputed.   It was asserted, however, by the attorney for the objecting devisee that, since the instrument was not recorded, there was a failure on the part of the husband to comply with the provisions of section 18 of the Decedent Estate Law.   The surrogate upheld his contention and barred the husband from sharing in the estate.

If in fact a copy of the notice of election was filed in the clerk's office and remained there for a period of six months after the issuance

of letters testamentary, we believe that would be sufficient to satisfy the statutory provisions under the circumstances outlined here, even though there was a failure to pay a recording fee if one was required. The executor was served, as we have seen, with the notice of election prior to the actual issuance of letters testamentary. However, he retained it in his possession without objection for at least the full six months' period after he qualified. He and the other parties in interest knew that the husband did not intend to waive his claim.

Section 18 was added to the Decedent Estate Law by section 4 of chapter 229 of the Laws of 1929. The legislative intent relative to section 4 (Dec. Est. Law, § 18) is expressed in section 20 of that chapter, as follows:

" § 20. The provisions of sections four, * * * of this act are hereby enacted pursuant to the intention of the legislature to increase the share of a surviving spouse in the estate of a deceased spouse, either in a case of intestacy or by an election against the terms of the will of the deceased spouse thus enlarging the property rights of such surviving spouse; * * * and such provisions shall be liberally construed to carry out such intention."

In view of our construction of the statute and the expressed legislative intent, we deem it advisable that this proceeding should be remanded to the Surrogate's Court to take testimony as to the date the notice of election was filed, so that any possible doubt may be removed. This disposition is made in view of the failure on the part of the husband to offer proof, and also to clarify the questions at issue between all parties. If the husband's claim is upheld it will be necessary to instruct the executor as to the disposition of the estate.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Proceeding remitted to the surrogate of the county of Bronx for further action in accordance with opinion.