In the Matter of the Estate of MEYER L. GOLDSTEIN, Deceased.

Surrogate's Court, New York County, April 15, 1941.

*Harry Heiman* [*Samuel Weiss* of counsel], for the widow, petitioner.

*Mandelbaum Bros.* [*Reeves, Todd, Ely & Beaty* and *Harry J. Ahlheim* of counsel], for the executors, respondents.

DELEHANTY, S. This application to vacate the decree on accounting is made in order that the petitioning widow of deceased

may file an election to take against the will. Under the will one-third of the residuary estate is given to the widow, one-third to his son, an executor, and one-third to a grandchild. By the terms of the will the son-executor was given the privilege of purchasing at book value certain shares of the stock of a corporation. These were the chief asset of the estate. It is apparent that if the book value of the shares was less than the real value thereof, the gift of one-third of the estate to the widow of deceased was not equal to one-third of deceased's net assets and so not a bar to her timely exercise of a right of election.

The sole question presented here is whether at this time the decree on accounting should be set aside in order that the widow of deceased might attempt to exercise a right of election. She alleges that she was defrauded by the son-executor into the non-exercise of her right of election. No proof on the subject has been taken and no finding of actual fraud is made. The question now presented is purely one of statutory construction posed by a motion to dismiss the petition for legal insufficiency. Concededly letters testamentary were issued on September 5, 1939. Concededly the executor's final account was settled by decree dated June 20, 1940. Concededly this present proceeding was initiated on December 2, 1940. It is urged by respondent that the court should not indulge in the futile performance of reopening a decree so as to permit an attempt to exercise a right of election now barred by express statute.

After the decision in *Matter of McGarry* (270 N. Y. 514) the then sitting Legislature enacted chapter 114 of the Laws of 1936. To this enactment was appended a legislative note which referred to *Matter of McGarry* (*supra*), and made clear that the intendment of the Legislature was to foreclose a spouse who had failed to make an election within the period specified in subdivision 7 of section 18 of the Decedent Estate Law as amended in 1936. This deceased died after the effective date of the amendment.

The court holds that the limitations in the section are exclusive and that, since twelve months have elapsed since letters issued, no right of election now exists. Because the express terms of the statute bar an election by her at this time and because the sole purpose of this proceeding to reopen the decree is declared by her to be the establishment of a basis for making such election, the motion to dismiss the proceeding must be granted. Even if the decree were to be opened for the alleged fraud the court could not turn back the calendar. If an actual fraud was perpetrated upon petitioner and she suffered money damage thereby, she can seek relief in a court of general jurisdiction.

Submit, on notice, order dismissing the proceeding.