In the Matter of the Estate of JOHN PASKIEVITZ, Deceased.

Surrogate's Court, New York County, December 19, 1944.

*Walter J. Bayer* for Veronica Borsewicz, executrix, petitioner.

*Charles Recht* for E. Kisselev, Consul General of the Union of Soviet Socialist Republics, on behalf of Marya Paskievitz, respondent.

FOLEY, S. The motion to strike out the objections filed on behalf of the widow is granted because of her failure to serve and file her notice of election within the requisite period of twelve months after the issuance of letters testamentary.

The sequence of events was — date of death December 13, 1942, letters testamentary issued on March 1, 1943. The maximum twelve months' period for the exercise of the election would have expired on February 29, 1944. The first disclosure of an intention to elect was embodied in the objections filed to the account, which were served on July 21, 1944, and filed on July 28, 1944 (about five months after the expiration of the twelve months' period). An alleged notice of election was served upon the executrix on August 2, 1944 (about five months after the expiration of the twelve months' period). No formal notice of election was ever filed and recorded in our court as required by the statute.

Under the provisions of subdivision 7 of section 18 of the Decedent Estate Law if " a spouse shall default in filing such election within six months after the date of issuance of such letters " the court may relieve the spouse from her default provided " that twelve months have not elapsed since the issuance of letters." Where no election is made before the expiration of the period of twelve months, the rights of a competent adult spouse are extinguished. (*Matter of Goldstein,* 176 Misc. 366; *Matter of Zweig,* 145 Misc. 839.)

The amendment made to the subdivision in 1936 by chapter 114 grants discretion to the Surrogate to relieve the default only in behalf of an infant or incompetent spouse and only before the time of the entry of the decree on the first judicial account.

The decedent here died after the effective date of this amendment.

The explanatory note printed in the legislative bill, which was subsequently enacted in 1936, clearly shows the history and purpose of the changes made in sudivision 7 by the amendment of that year. The Appellate Division, Second Department, in *Matter of McGarry* (245 App. Div. 834) had held that the notice of election served and filed by the committee of an

incompetent husband after the period of twelve months was effective and that the period of time fixed in the statute was not mandatory but could be extended under the special circumstances by the court. The Court of Appeals affirmed the Appellate Division (270 N. Y. 514). Thereupon, the legislation of 1936 was introduced and written into law.

Under the language of the amendment, as above stated, the rights of an infant or incompetent spouse were extended, but as to a competent adult spouse, the statute was strengthened so as to make certain that the periods of time fixed in it were final and absolute and could not be extended by the courts. The express purpose of the legislation was to avoid delay in the completion of the administration of an estate and to prevent a belated assertion of a right of election by a competent adult spouse who had failed to give timely notice. The new language emphasizes this purpose. It reads: " The limitations in this section regulating the time within which an election must be made are exclusive. No provision of law suspending or affecting the operation of rules of limitation shall be applicable to the time of making an election  *   *   *.' '

In the pending proceeding the attempt to exercise the right of election after the expiration of the twelve months' period from the issuance of letters is ineffective and void. No right of election exists.

Submit decree on notice accordingly settling the account as filed.