In the Matter of the Estate of KATHERINE PRESCOTT, Deceased.

Surrogate's Court, Herkimer County, March 31, 1949.

*James Gilchrist* and *Nellie Gilchrist* for William W. Colegrove, as executor of John W. Prescott, deceased executor of Katherine Prescott, deceased.

*Chester J. Winslow* for Winifred Leake, as administratrix of the estate of Elizabeth Gregg, deceased, and another.

*Francis M. Malone,* as executor of Margaret Troute, deceased, in person.

*Joseph S. Zogby* for Robert W. Troute.

PETERSON, S. In the proceeding for the judicial settlement of the accounts herein, a determination is sought as to the validity of a notice of election to take against the will of Katherine Prescott, deceased. The will was admitted to probate November 28, 1941, and letters testamentary granted to John W. Prescott, the executor who was also the surviving spouse of Katherine Prescott.

On December 30, 1941, Mr. John W. Prescott caused to be filed in the Herkimer County Surrogate's Office a notice of election to take against the will. There was no proof of service of the notice filed, the executor and surviving spouse being one and the same person. The notice of election was, however, recorded in the Surrogate's Court.

The validity of the notice of election is now challenged upon the ground that the requirements of section 18 of the Decedent Estate Law with respect to the service of notice, the filing and recording thereof with proof of service in the Surrogate's Court have not been met, and further that the election was not timely.

Subdivision 7 of section 18 of the Decedent Estate Law provides in part as follows: " An election made under this section * * * must be made within six months from the date of the issuance of letters testamentary * * * and shall be made by serving written notice of such election upon the representa-

tive of the estate personally or in such other manner as the surrogate may direct and by filing and recording a copy of such notice with proof of service in the surrogate's court where such will was probated.''

It will be observed that the statute provides for the service of the notice *upon the representative of the estate, either personally or in such other manner as the surrogate may direct.* It is silent as to service of notice on any other persons and does not require that such notice of election be served on legatees or devisees.

It is urged that the right of election, being in contravention of the will, there should be strict observance of the conditions of section 18 in perfecting the right, and there is authority for this contention. (*Matter of Coffin,* 152 Misc. 619; *Matter of Hearn,* 158 Misc. 370; *Matter of Zweig,* 145 Misc. 839.)

However, it is the stated intention of the Legislature in enacting section 18 that its provisions be liberally construed. (L. 1929, ch. 229, § 20; *Matter of Byrnes,* 260 N. Y. 465.)

And it has frequently been enunciated that the rights granted by section 18 are to be liberally construed in favor of the surviving spouse. (*Matter of Byrnes, supra; Matter of Zalewski,* 292 N. Y. 332; *Matter of Clark,* 166 Misc. 909; *Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Goldsmith,* 174 Misc. 270; *Matter of Brill,* 175 Misc. 236; *Matter of Blumenstiel,* 248 App. Div. 533; *Matter of Phillips,* 266 App. Div. 374; 3 Butler on New York Surrogate Law & Practice, § 2282.)

As was said in *Matter of Moore* (165 Misc. 683, affd. 254 App. Div. 856, affd. 280 N. Y. 733) the statute was enacted for the liberal purpose of preventing a surviving spouse from being disinherited.

And, where there has been a substantial compliance with the requirements of the statute, the courts have held that the notice of election is valid. (*Matter of Fisher,* 159 Misc. 190; *Matter of Martin,* 244 App. Div. 647; *Matter of Davis,* 262 App. Div. 1064, appeal dismissed 287 N. Y. 767; *Matter of Avchin,* 158 Misc. 388.)

In *Matter of Fisher* (159 Misc. 190, *supra*) the court held that service upon the executors and their acknowledgment of service indorsed on the back of the original notice, plus the tender of the so indorsed original notice for filing before the expiration of six months from date of letters, was adequate compliance with the statute.

In *Matter of Martin* (244 App. Div. 647, *supra*) a notice had been filed but not recorded, the court in its opinion stated as follows: " If in fact a copy of the notice of election was filed in the clerk's office and remained there for a period of six months after the issuance of letters testamentary, we believe that would be sufficient to satisfy the statutory provisions under the circumstances outlined here, even though there was a failure to pay a recording fee if one was required."

In *Matter of Davis* (262 App. Div. 1064, appeal dismissed 287 N. Y. 767, *supra*), the notice of election was sent by registered mail and not personally. Surrogate SADLER had held that the noncompliance with the statute could be excused and in an opinion written by him stated as follows: " Effect must be given to the fact of actual notice. *Matter of Martin* 244 App. Div. 647–649. The Statute provides that the Notice must be recorded but the case of *Martin* determines that actual recording is not necessary where Notice has been filed. If non-compliance with this requirement of the Statute can be excused, then certainly the provision requiring personal service of the Notice can likewise be disregarded in a case where actual Notice by mail has been received by the executor " and a motion to determine that the widow be precluded from asserting her right of election was denied. On an appeal to the Appellate Division, Fourth Department, it was held that the notice of election was not invalid and Judge HARRIS concurring, writes as follows: " The order should be affirmed on the ground that there has been a substantial compliance with the statute in reference to the manner of service of the notice of election. The manner of such service herein has been approved by the surrogate who has the power to prescribe a method, other than personally, of service on the executor ".

The principle of " substantial compliance " moreover is not new but has been involved in cases where other types of notice have been required to be served. (*Missano* v. *Mayor,* 160 N. Y. 123; *Sheehy* v. *City of New York,* 160 N. Y. 139; *Sweeney* v. *City of New York,* 225 N. Y. 271.)

In the case at bar there was actual notice, f himself, as a surviving spouse, caused this nc to be prepared. The notice was filed and recor rogate's office within six months from the date of letters testamentary, so that the election was requirements of section 18 had been met. By v. acts, the executor had all the notice that cor

xecutor election he Sur- suance f other is own to an

estate representative. No further notice caused to be served upon him would more fully acquaint him with the facts set forth in the notice to which he had individually subscribed as the surviving spouse.

In the liberal construction of the statute, this court is of the opinion that there has been a substantial compliance with setion 18 of the Decedent Estate Law in reference to the manner of perfecting the notice of election and accordingly holds that the notice of election herein is valid.

The decree may provide accordingly.