In the Matter of the Estate of ANNA PICONE, Deceased.

Surrogate's Court, Bronx County, December 4, 1950.

*Joseph Rogers* for John Fusco, as executor of Anna Picone, deceased, petitioner.

*Andrew Wright Lent* for Consiglio Picone, respondent.

*Albert A. Blinder,* special guardian for Frank Picone, an infant.

HENDERSON, S. This is a proceeding to determine the validity of an election under subdivision 7 of section 18 of the Decedent Estate Law.

The issue is whether or not under the circumstances herein. the respondent has lost his right of election by reason of his failure to serve the notice upon the executor personally and by failing to file and record it in this court as expressly required by statute.

The testatrix died a resident of Bronx County on the 17th day of November, 1947, survived by her husband and eight children, one of whom is an infant. Her will was admitted to probate in this court on the 20th day of April, 1948, and letters testamentary issued on that day to one of her sons.

Except for a legacy of the sum of $1 the will contains no provision for the benefit of the decedent's husband, the respondent herein.

Prior to the probate of the will, the husband served by mail on the person named as executor, a paper dated and acknowledged the 28th day of January, 1948, purporting to be a notice of election to take his intestate share of the decedent's estate. Thereafter, on or about April 27, 1948, subsequent to the issuance of letters testamentary to the executor, there was received in the mail by the attorneys for the executor an executed copy of this notice.

The estate of the decedent consists of approximately $2,000 in personalty, and real estate situated in Ulster and Bronx Counties in New York State.

On June 8, 1948, the husband commenced an action in the Supreme Court, Ulster County, against the eight children as the devisees of the decedent's realty, to partition such realty,

alleging in this action that he had validly exercised his right of election to take his share of the estate in intestacy. Notice of pendency of the action was filed on or about the same date in the County Clerks' offices of Ulster and Bronx Counties. In both instances the complaint was also filed.

Between June 23, 1948, and January 5, 1949, numerous conferences were held between the attorneys for the executor and the husband's attorney for the purpose of compromising the husband's claim to an intestate share in the estate.

On or about January 5, 1949, the negotiations for a compromise terminated and the husband's attorney was informed that the executor and the other children would not settle the husband's claim on any basis.

Although no notice of election has ever been filed or recorded in this court, the husband's attorney testified that it was his recollection that when he mailed the notice to the executor's attorneys, he also mailed a copy to the clerk of this court. The files and records of this court do not show its receipt.

The respondent asserts that his election has been validly made because (1) the executor had actual knowledge of the claim; (2) the notice of election was given to all the world by the filing of the notice of pendency of action; (3) the negotiations for a compromise of the claim over a period of six months constitute a waiver of strict compliance with the statute.

In short, the question presented is whether or not the husband has " substantially complied " with the statute.

The service of the notice of election upon the person nominated as executor prior to the actual probate of the decedent's will is adequate compliance with the statute (*Matter of Altman,* 160 Misc. 812).

Service of the notice upon the executor by mail satisfies the statute since full effect must be given to the fact of actual notice (*Matter of Davis,* 262 App. Div. 1064, appeal dismissed 287 N. Y. 767).

The failure to record the notice does not of itself defeat the rights of the spouse (*Matter of Martin,* 244 App. Div. 647).

However, in each of these cases in which the rule of " substantial compliance " was applied, the notice was filed in the Surrogate's Court. In *Matter of Martin* (*supra,* p. 649) in order to remove any question as to the actual filing of the notice, it was deemed advisable to remand the proceeding to this court to take proof as to the date the notice was filed " so that any possible doubt may be removed."

The wording of the statute is not ambiguous. It is emphatic in its direction as to filing, and adds further emphasis by providing a remedy for a spouse who shall " default in filing ". Furthermore it is definite as to the place of such filing. Although a certified copy of any order of the Surrogate's Court enlarging the time to make an election, or relieving a default and authorizing the making of an election within a period fixed by the order, is required to be recorded in the same manner as a notice of pendency of action in the clerk's office of the county wherein decedent's realty is situated, the election itself is directed to be filed in the Surrogate's Court.

To hold that participation in litigation, filing a notice of pendency with a complaint in the County Clerk's office, negotiations for settlement, in addition to the service of the notice of election by mail upon the executor satisfied the requirements of the statute as to filing a notice of election in this office, would violate the positive language of the statute and would be equivalent to judicial legislation which is beyond the lawful power of the court.

The method of making an election·as outlined by the statute is exclusive (*Matter of Herter*, 193 Misc. 602, affd. 274 App. Div. 979, affd. 300 N. Y. 532)˙ and while the conduct of the spouse would indicate that he intended to elect, the failure to file as directed by the statute defeats his claim.

The mailing of such notice to the clerk of this court where it has not been received does not comply with the statute. Nothing short of actual filing will suffice (*Matter of Zweig*, 145 Misc. 839, 849).

Counsel for the respondent also urges that the executor waived strict compliance of the statute during the negotiations for compromise when his attorneys requested him to defer further action until the termination of negotiations.

Although there is a difference of opinion as to what was meant by the request, there is no evidence of any imposition or deception. The respondent's complaint in the partition action alleged that he had duly elected. Upon the termination of negotiations, there remained over three months within which an application to relieve the spouse's default could have been made.

Furthermore, the executor is without power to waive any of the statutory requirements.· The filing of the notice of election for record " is not an act to which there are two parties, there is but one party to it, * * * it is a declaration * * * to all whom it may concern. And to be effectual it

must be filed for record ". (*Castleman* v. *Castleman*, 184 Mo. 432, 444.)

The cases, *Rochester Sav. Bank* v. *Averill* (96 N. Y. 467); *Black* v. *Ellis* (129 App. Div. 140, affd. 197 N. Y. 402), and *Karasik* v. *People's Trust Co.* (252 F. 324, 327, affd. 252 F. 337) cited by counsel for the respondent to substantiate his position that the failure to file the notice is not a fatal defect, are not in point. They deal merely with the necessity of the filing of stockholders' consents to a corporate mortgage. The statutes involved therein were and are dissimilar to the statute under consideration. Subdivision 7 of section 18 of the Decedent Estate Law sets forth not merely directory provisions but mandatory indispensable conditions precedent to the spouse's right of election (*Matter of Herter, supra*; *Matter of Gross,* 177 Misc. 716; *Matter of Zweig, supra,* p. 848 for cases in other jurisdictions with similar statutes; also *Matter of Sheely,* 102 Col. 194; *Friedman* v. *Andrews,* 293 Mass. 566).

The petition to determine that the purported notice of election is invalid is granted.

Settle decree.