In the Matter of the Accounting of THERESE DUGOFF, as Executrix of MAX BORNSTEIN, Deceased.

Surrogate's Court, Kings County, December 30, 1950.

*Julian Javitz* for Julia Bornstein, respondent.

*George M. Feigin* for executrix, petitioner.

*Frank McCabe, Jr.,* special guardian for Rebecca K. Lienbogen, an incompetent, and others, respondents.

RICHARDSON, S. This is a motion for an order permitting testator's widow to file, *nunc pro tunc,* in the office of the clerk of this court, her notice of election against testator's will.

Letters testamentary were issued to the executrix on September 8, 1949. The executrix filed her account on May 22, 1950. Schedule H of the account reads as follows: " The widow, Julia Bornstein, served an election to take against the will pursuant to section 18 of ·Decedent Estate Law and is entitled to 50% instead of 33% mentioned in the will. The Notice of Election was served on October 13, 1949.''

The special guardian, who represents an incompetent and two infant parties herein, has attacked the validity of such election on the ground that neither the notice nor the proof of service thereof has been filed and recorded pursuant to the

statute, although more than twelve months have elapsed since letters testamentary were issued herein. The widow pleads that such noncompliance with the statute was not due to her fault and set forth facts and circumstances connected therewith in justification thereof which are substantially as follows:

She married testator in 1917 and lived with him until his death on March 1, 1949. Shortly thereafter she handed testator's will to the named executrix who, in turn, submitted it to her attorney. He had a conference with the widow who complained about the inadequacy of the terms of the will in her favor, whereupon he advised her that she had a right of election against the will. She informed him that she desired to elect, and he told her he would be glad to co-operate with her with respect thereto and would do everything in his power in connection therewith consistent with his position as attorney for the estate. Accordingly, he prepared a waiver of notice and consent to probate the will and the notice of election which the widow executed after consulting with a relative who is an attorney. The attorney for the executrix served the notice of election on the executrix on October 13, 1949. The widow claims that she relied entirely upon the attorney for the executrix to take all the necessary legal steps to effectuate her election.

After the filing of the present account the attorney for the executrix assured the widow that the schedule therein properly set up the notice of election for her benefit and on June 19, 1950, procured from her a waiver of notice and consent to the judicial settlement of the account. On the examination of the proceedings the special guardian found that the widow had not filed her notice of election and proof of service thereof and in July, 1950, so informed by mail the executrix' attorney. Apparently the latter's attention was not called to the letter received at his office, since he was away at camp where he remained until September 14, 1950. The objections of the special guardian to the validity of the election were filed on September 22, 1950.

It appears that all the parties herein were apprised of the widow's intention to elect, shortly after the notice was served on the executrix. None of them claims that her failure to file the notice and the proof of service thereof was intentional nor do any of them claim that he or she has been prejudiced thereby. To the contrary the court is satisfied that such noncompliance was due to a mistake and inadvertence.

The attorney for the executrix corroborates the facts alleged by the widow and urges the court to grant the relief sought here and the question involved is whether the court may grant it.

The pertinent parts of subdivision 7 of section 18 of Decedent Estate Law read as follows: " An election made under this section shall be in lieu of any right of dower, and must be made within six months from the date of the issuance of letters testamentary or if letters testamentary have not been issued from the date of the issuance of letters of administration with the will annexed, and shall be made by serving written notice of such election upon the representative of the estate personally or in such other manner as the surrogate may direct and by filing and recording a copy of such notice with proof of service in the surrogate's court where such will was probated. The time to make such election may be enlarged before its expiration by an order of the surrogate's court where such will was probated, for a further period of not exceeding six months upon any one application. If a spouse shall default in filing such election within six months after the date of issuance of such letters, such surrogate's court may relieve the spouse from such default and authorize the making of such election within a period to be fixed by order, provided no decree settling the account of the fiduciary has been made and provided further that twelve months have not elapsed since the issuance of letters. Such an application for enlargement of time to elect or for relief from default in electing shall be made upon a petition showing reasonable cause and on notice given to such persons and in such manner as the surrogate may direct. "

Subdivision 7 of section 18 prescribes the steps which must be taken in order to make an election. These are by serving written notice of election upon the representative of the estate and by filing and recording a copy of such notice with proof of service in the surrogate's court where such will is probated.

The cases indicate that section 18 is to be construed liberally in order to give the surviving spouse adequate protection (*Matter of Martin,* 244 App. Div. 647, 649; *Matter of Matthews,* 255 App. Div. 80, 86, affd. 279 N. Y. 732; *Matter of Jackson,* 176 Misc. 1020; *Matter of Altman,* 160 Misc. 812).

Where there has been a substantial compliance with the requirements of the statute, the courts have held that a valid election has been made. In *Matter of Martin* (*supra*) it was held that actual recording of the notice was not necessary where a copy of the notice had been filed. In *Matter of Davis* (262

App. Div. 1064, appeal dismissed 287 N. Y. 767) it was held that personal service of the notice was not necessary where actual notice by mail had been received by the executor, — the Appellate Division pointing out that the manner of such service had been approved by the Surrogate " who has the power to prescribe a method, other than personally, of service on the executor ". In *Matter of Epstein* (176 Misc. 494) where the notice was filed nine days, and recorded eleven days, after the six-month period following the issuance of letters, it was held (pp. 497–498) that " If the court could have authorized, at any time prior to March 11, 1940, the making of such election during some subsequent period, it can approve and confirm the filing on September 20, 1939, and the recording on September 22, 1939, of the notice of election which had been duly served on June 27, 1939." In that case the motion to excuse the default was made more than twelve months after letters were issued. In *Matter of Prescott* (194 Misc. 827) the executor, who was also the surviving spouse, caused to be filed and recorded in the Surrogate's Court a notice of election within the requisite time, but did not file a proof of the service of the notice. It was held that there was substantial compliance with subdivision 7 since the executor had actual notice of the exercise of the right of election. In *Matter of Birnbaum* (N. Y. L. J., Jan. 6, 1950, p. 68, col. 3, N. Y. L. J., May 25, 1950, p. 1869, col. 1) the notice of election was personally served on the executor and filed prior to the time the executor qualified; however, the notice had not been recorded and proof of service thereof had neither been filed nor recorded. This court held that no innocent party was prejudiced by such failure and that the election was valid and effective.

It is to be noted that in each of the cases referred to above, the copy of the notice of election had actually been filed not later than twelve months after the issuance of letters. With the exception of *Matter of Epstein,* the questions of noncompliance related to the recording of the notice, the method of service, or the filing and recording of proof of service. In *Matter of Epstein* the notice of election was filed after the expiration of the six-month period but not after the expiration of the twelve-month period.

In the following cases it has been held that a failure to file a notice of election within the prescribed period is fatal to the validity of the exercise of the right (*Matter of Zweig,* 145 Misc. 839; *Matter of Goldstein,* 176 Misc. 366; *Matter of Paskievitz,* 184 Misc. 320; *Matter of Picone,* 199 Misc. 1039).

In *Matter of Picone* (*supra*, p. 1042) it is stated " The wording of the statute is not ambiguous. It is emphatic in its direction as to filing, and adds further emphasis by providing a remedy for a spouse who shall ' default in filing '. Furthermore, it is definite as to the place of such filing. * * * The method of making an election as outlined by the statute is exclusive (*Matter of Herter*, 193 Misc. 602, affd. 274 App. Div. 979, affd. 300 N. Y. 532) and while the conduct of the spouse would indicate that he intended to elect, the failure to file as directed by the statute defeats his claim. The mailing of such notice to the clerk of this court where it has not been received does not comply with the statute. Nothing short of actual filing will suffice (*Matter of Zweig*, 145 Misc. 839, 849). * * * Subdivision 7 of section 18 of the Decedent Estate Law sets forth not merely directory provisions but mandatory indispensable conditions precedent to the spouse's right of election."

In *Matter of Goldstein* (*supra*, p. 367) the pronouncement is clear:

" After the decision in *Matter of McGarry* (270 N. Y. 514) the then sitting Legislature enacted chapter 114 of the Laws of 1936. To this enactment was appended a legislative note which referred to *Matter of McGarry* (*supra*), and made clear that the intendment of the Legislature was to foreclose a spouse who had failed to make an election within the period specified in subdivision 7 of section 18 of the Decedent Estate Law as amended in 1936. This deceased died after the effective date of the amendment.

" The court holds that the limitations in the section are exclusive and that, since twelve months have elapsed since letters issued, no right of election now exists."

The latest amendment to subdivision 7 was made by chapter 114 of the Laws of 1936. With respect to this amendment, the draftsman's note reads in part as follows: " In the case of competent and adult spouses the statute has been liberalized by the proposed amendment so as to permit the court to open a default in electing if the surrogate deems proper even after six months have elapsed. This relief can not be granted, however, after twelve months have elapsed since letters issued or if an accounting decree has been entered."

Counsel have not called the attention of this court to any cases, with the possible exception of *Matter of Hearn* (158 Misc. 370), where, without a copy of the notice being filed within the prescribed period, the validity of the exercise of the right of election by a competent adult has been upheld.

In *Matter of Hearn* the court, because of a finding of fraud in equity, permitted the widow to withdraw her notice of limited election and to interpose an election to take her entire intestate share even though the time for filing a copy of the notice of election had passed. However, the court in that case found that there was a relationship of trust and confidence between the widow and the son, who in addition to nomination as executor was the chief testamentary beneficiary, that the widow acted reasonably in relying upon the *bona fides* of the son to protect her interests, that as a result of such reliance she permitted her potential statutory right to lapse and that accordingly she should be restored to her former position and be permitted to assert the rights which were hers under the statute immediately following the demise of the testator. In the case at bar there was no fraud of this character.

The issue is here directly and squarely presented as to whether or not the requirement of subdivision 7 of section 18 of the Decedent Estate Law to the effect that a copy of the notice of election must be filed not later than twelve months after the issuance of letters is a mandatory and indispensable condition to the exercise of the right of election. The answer must be in the affirmative. By providing specifically for the possibility of one extension of the time for filing, the Legislature clearly implies that no other extensions are authorized. While the courts have held that a substantial compliance with the terms of the statute is all that is required and have accordingly mitigated its requirements in less essential details, such as the recording of the notice, the method of service and the filing and recording of proof of service, it would not be substantial compliance to permit a copy of the notice of election to be filed after the prescribed period had elapsed. Under the terms of the statute as it now reads, all parties interested in an estate, where there is an adult and competent surviving spouse, can be assured that the right of election of the surviving spouse has lapsed if no copy of the notice of election is on file at the expiration of the twelve-month period. Such assurance would be entirely lacking, and consequent confusion ensue, if the courts had the power to permit such copy to be filed, *nunc pro tunc,* after such expiration. Any action of this kind on the part of the courts would emasculate the statute and destroy an important part of its framework.

It is significant that in *Matter of Martin* (244 App. Div. 647, *supra*) the Appellate Division said at page 649: "In view of our construction of the statute and the expressed legislative

intent, we deem it advisable that this proceeding should be remanded to the Surrogate's Court to take testimony as to the date the notice of election was filed, so that any possible doubt may be removed.''

The contention is made in this case that the filing of the accounting schedules containing the statement that the widow has elected against the will is a sufficient compliance with the statute. This court holds to the contrary. Any interested party, in examining the files of an estate to determine whether or not a copy of the notice of election has been filed, is entitled to look for a separate document, clearly identified as a copy of the notice of election, and should not be required to search in detail through all the accounting schedules or other documents on file to determine whether there is any statement therein which could be interpreted as the equivalent of a copy of the notice of election. In addition, it is important to require that an exact copy of the notice of election be filed in order to have it available for examination by any party who wishes to challenge its sufficiency.

A refusal to grant the relief here requested undoubtedly inflicts a serious hardship on the widow. She acted in complete good faith, and in reliance upon the assurances given her by the attorney for the executrix and the advice of her own attorney. Likewise it does not appear that anyone has been prejudiced by the failure to file a copy of the notice of election within the prescribed time. It still remains the fact, however, that through a misunderstanding between attorneys, no copy of such notice was filed as required by section 18. And since this court holds that such requirement is mandatory and cannot be waived, rights have arisen in favor of the infant and incompetent legatees under the will who are likewise innocent parties and whose rights this court is powerless to override.

The attorney for the widow did not file a copy of the notice because he assumed that the attorney for the executrix had done so. The latter was under the impression that the notice had already been filed and did not realize that this was not the case until too late. But the attorney for the executrix had no power to waive the requirements of the statute nor could he, because of a misunderstanding resulting in a failure to file, indirectly bring about such a waiver. The fact that the executrix joins in the prayer for relief is likewise of no avail in view of the determination of the court that the provisions of the statute in this respect are mandatory,

In the case at bar there is no fraud of the character referred to in *Matter of Hearn* (*supra*) which would require the granting of the requested relief. The special guardian for the legatees sent a letter to the attorney for the executrix on July 14, 1950, advising that a copy of the notice had not been filed, and it was not his fault that such attorney, due to absence in camp, did not personally receive such letter until too late, although it had been received by his office. The present difficult situation arises purely from a misunderstanding between the attorney for the executrix and the attorney for the moving party as to who had assumed the responsibility for the filing, and such a misunderstanding, even though resulting in hardship to the widow, cannot be characterized as fraud.

If the terms of the statute, as interpreted by this decision and other decisions, seem harsh in cases such as this, it is the province and prerogative of the Legislature to change the law so as to give the Surrogate discretion in exceptional circumstances. But until this is done it would amount to judicial legislation for this court to hold that it has the authority to change the requirements of subdivision 7 of section 18 of the Decedent Estate Law so as to extend the time of filing a copy of the notice of election beyond the twelve-month period.

The motion is denied. Submit order on notice accordingly.