George Frankenthaler, S.
Petitioner instituted this proceeding to open her default in filing an election under section 18 of the Decedent Estate Law 14 months after the issuance of *848 letters testamentary. The petition alleges that respondent, the daughter of decedent and petitioner and the executrix and sole beneficiary of her father’s estate, intentionally misrepresented the size of this estate to her mother as amounting to two or three thousand dollars when, in fact, she knew that the assets were worth at least $50,000, and that but for this fraud the widow would not have refrained from exercising her right of election;
Respondent moved to dismiss this petition on the ground that the statute does not permit the opening of a default after 12 months have elapsed since the grant of letters (Decedent Estate Law, § 18, subd. 7; see Draftsman’s Note to 1936 amdt.) even where the default is the product of actual fraud by the fiduciary-beneficiary. Matter of Goldstein (176 Misc. 366) sustains this position; Surrogate Delehahty there stated that as a result of the statutory amendment in 1936 the widow’s remedy for fraud, after 12 months, was exclusively by way of an action for damages in a court of general jurisdiction.
Other cases have regarded fraud as a ground for relieving a default after the expiration of the statutory period (Matter of Schnabel, 77 N. Y. S. 2d 593; cf. Matter of Hearn, 158 Misc. 370) and this court has heard testimony on the issue of fraud. Petitioner contends that even if the court cannot find that respondent intentionally defrauded her mother, her failure to disclose the estate’s true size was a breach of her fiduciary duty to make a full disclosure, and hence constituted fraud.
Petitioner married the decedent in 1916 and respondent, now Mrs. Boggs, was born in 1918. By the time respondent was 10 years old her mother was living with one Zimmerman, as his wife, and respondent resided with them for several years. This relationship continued until Zimmerman’s death in 1947. Petitioner testified that in September, 1955, 14 months after the death of Sidney J. Stultz, she quarreled with her daughter, and then told her for the first time that she had never divorced Stultz and was never married to Zimmerman. Her claim that she was defrauded into defaulting is based on a conversation on July 15, 1954, a few days after the death of Mr. Stultz. Mrs. Boggs and her attorney, a member of the Bar of Connecticut where both parties reside, visited “ Mrs. Zimmerman” and obtained her signature on a waiver of citation, in which she consented to the nrobate of Mr. Stultz’ will in this court. There is conflicting testimony concerning what was said but petitioner admits that her daughter told her “ even though you are divorced we would like to have this paper signed.” The widow did not testify that, as her petition suggests, she was informed that the estate was worth only two or three thousand dollars; on the witness stand *849 the only misrepresentation she adverted to was that respondent’s attorney told her ‘ ‘ it was only a few thousand dollars. ’ ’ The attorney and Mrs. Boggs both denied that he made any such statement and they also denied that he urged the execution of the waiver as signifying that petitioner surrendered her share of the estate to her daughter.
Petitioner has not convinced this court that the size of the estate was misrepresented to her. Furthermore, in view of respondent’s reasonable belief that her mother was divorced and hence had no interest in the estate, a belief which she communicated to petitioner, her failure to reveal the size of the estate was not “ inconsistent with fair dealing and good conscience ” (Matter of Hearn, supra, p. 375) and did not constitute fraud. Mere mistakes of fact by the parties are not ground for opening a default in filing a right of election (see Matter of Bornstein, 199 Misc. 1043).
Submit order on one day’s notice denying this application.