Maximilian Moss, S.
Testatrix’ husband moves to open his default in filing objections to the executor’s account, and to vacate the decree thereon dated October 26, 1956. The decree was based upon a petition and citation which prayed, among other things, for a decree ‘ ‘ that the surviving husband * * * has no right, share or interest in the estate of the.decedent herein because of his abandonment of said decedent during her lifetime ’ ’. The citation was duly served upon the husband who did not appear in the proceeding. The decree provided for distribution as though the husband possessed no right to share in the estate.
The husband’s claim to a share in the estate is based upon Article Second of testatrix’ will which reads as follows: '‘ Second : At the time of the making of this, my last will and testament, I am well mindful of my husband, Michael Ratynski, and as to him I leave the minimum allowed by law and no more. I regret that he shall get anything and it would please me exceedingly if he were to get nothing.” He predicates his right to be relieved of his default upon the grounds that he is of foreign birth, that he is unable properly or adequately to read, write or understand the • English language; that he had no knowledge of the provision made for him in Article Second of testatrix’ will and could not have understood the significance thereof if he had known of it; and that he had been led to believe that a separation decree against him in testatrix’ favor precluded him from sharing in her estate as a matter of law, causing him to fail to answer the citation. He now contends that *1083 he was bequeathed and is entitled to share in the estate to the extent of the minimum allowed by law in intestacy regardless of the testatrix’ regrets in so providing for him, and that a separation decree entered against him had no bearing on his right to receive such bequest.
The separation decree was granted on January 10,1934 in the Supreme Court, Kings County, upon the ground of the husband’s abandonment. Schedule H of the account herein stated that because of said decree the husband was not entitled to share in the estate, and alleged “ That there never had been a reconciliation of the parties from the date of the said judgment of separation to the date of death of the decedent ”. The husband has not controverted that allegation of nonreconciliation of the parties, wherefore, it is deemed to be true. (Surrogate’s Ct. Act, § 76.)
The issue of the surviving spouse’s abandonment was determined to be relevant in Matter of Ende (5 Misc 2d 868, 7 Misc 2d 573), where testator provided “ ‘ Second: I give, devise and bequeath all of my property * * * as follows: A. Unto my Wife * * , * only that portion of my Estate that she would be entitled to receive under the Laws of the State of New York if I had died intestate.’ ” The widow there contended that abandonment was not an issue as the said provisions expressed testator’s intent that she share in such estate as she would be entitled to under the laws of intestacy. The court held that the gift was subject to any law pertinent to intestacy; that the provisions of subdivision (d) of section 87 of the Decedent Estate Law was applicable; and that if the widow’s right of election was valid and superseded the will provisions, then subdivision 5 of section 18 of the Decedent Estate Law would be operative. Those sections provide respectively that a surviving wife who has abandoned her husband is neither entitled to a distributive share in his intestate estate nor to a right to elect against his will in the absence of a testamentary provision.
The contentions advanced by the wife in the Ende case are similar to those which are advanced by the husband in this estate. Here, however, the testatrix does not leave to her husband an intestate share in her estate, but “ the minimum allowed by law and no more ”. The testatrix’ distributees her surviving were her husband and four sisters. As her estate was in excess of $10,000, the husband would have been entitled, had she died intestate, to the first $10,000 and one half of the residue (Decedent Estate Law, § 83, subd. 4), but as the wife died testate, the statute limits the husband’s right to a maximum *1084 of one half of the net estate (Decedent Estate Law, § 18, subd. 1, par. [a]). In the fact situation here relevant to the distributees and the quantum of the estate, the minimum allowed by law to a surviving husband who had not neglected or refused to provide for his wife, or who had not abandoned her, would be that which would pass as a result of an election against the deceased wife’s will.
In Matter of Browning (153 Misc. 564, 567), testator disinherited his wife ‘ ‘ ‘ from any of the benefits of my estate, except such interest as the law provides for her at the date of this Codicil ’ As she was separated from him by a decree in his favor, upon the ground of abandonment, it was held that she had no right of election against his will. The testator’s statement that he did not intend to give his wife any property unless the law — contrary to his declared wishes • — forced her participation, was construed to be words of exclusion and not grant. So, too, in this case, the usage by the testatrix of the sentence “ I regret that he shall get anything and it would please me exceedingly if he were to get nothing” indicates very clearly that the testatrix required that the husband be forced to elect against her will if he desired to participate in her estate. The will is so construed.
More than 12 months have elapsed since the issuance of letters testamentary in this estate, and therefore the husband’s right to elect cannot be extended or exercised (Matter of Gold-stein, 176 Misc. 366; Matter of Paskievitsz, 184 Misc. 320; Matter of Kupofsky, 202 Misc. 756). Moreover, if the husband had moved within the required time to exercise such right of election, the judgment of separation against him together with his failure to deny that there was no reconciliation, would bar his right to elect against the will (Matter of Mindheim, 83 N. Y. S. 2d 587, affd. 269 App. Div. 1033, affd. 296 N. Y. 592).
The motion is denied. Settle order on notice.