Benjamin Brenner, J.
Petitioner Suzanne Huie moves to set aside an award of arbitrators for their partiality, based upon the discovery, following the award, of a relationship between one of them and her principal antagonist. The precise question presented is whether the three-month time limitation for vacating an award under section 1463 of the Civil Practice Act is tolled when any of the grounds for the vacating, as set out in section 1462 of the Civil Practice Act, are thereafter discovered.
Apart from petitioner’s failure to indicate the date of the claimed discovery of the arbitrator’s alleged relationship, her lack of knowledge of such fact does not extend the time to seek a vacation of the award. Indeed lack of knowledge of facts underlying a claim does not toll a Statute of Limitations (Varga v. Credit Suisse, 5 A D 2d 289, affd. 5 N Y 2d 865; Budoff v. Kessler, 284 App. Div. 1049) unless the statute itself provides that the cause does not accrue until the facts are discovered *415 (as does subdivision 5 of section 48 of the Civil Practice Act in the case of an action to recover for fraud). If absence of knowledge of facts relating to arbitration were to be á basis for tolling the three-month statutory provision, then a means for evading the time limitation for vacating awards would readily be at hand, placing them in constant jeopardy. Even a claim of lack of notice of the very fact of arbitration was found insufficient to extend the time limitation (Wilkoff v. Rensiew Holding Corp., 278 App. Div. 675).
Since petitioner has failed to timely commence this proceeding the remaining issues are academic and need not be passed upon. The motion is in all respects denied. Submit order.