In the Matter of the Estate of FREDERICK A. COLLINS, Deceased. FREDERICK ARTHUR COLLINS, JR., et al., Individually and as Executors of FREDERICK A. COLLINS, Deceased, Appellants-Respondents; LUCIA B. COLLINS, Respondent-Appellant.

First Department, February 21, 1961.

*Philip Feldman* of counsel (*M. James Spitzer* and *Robert S. Levy* with him on the brief; *Reich, Spitzer & Feldman,* attorneys), for appellants-respondents.

*Philip Handelman* (*John I. Coster* of counsel), for respondent-appellant.

*Per Curiam.* The petitioners, executors under the last will and testament of the decedent, appeal, and the respondent, alleged widow of the decedent, cross-appeals from an order of the Surrogate's Court, New York County, entered August 8, 1960. Said order, among other things, denied the respondent's motion and the petitioners' cross motion for summary judgment in a proceeding seeking, among other relief, a decree determining that the alleged widow of decedent was barred of a right of election under section 18 of the Decedent Estate Law to take against the will of the decedent.

It appears that the alleged widow (respondent in proceedings below and herein referred to as respondent) did not serve and file a formal notice of election to take against his will within the period of six months following the issuance of letters testamentary, and that no application for the enlarging of her time to make such election was made within the period of 12 months following the issuance of such letters. (See Decedent Estate Law, § 18.) The respondent, however, claiming that the executors and other interested persons were given fair warning and unequivocal notice of her intention to claim her statutory rights, relies upon certain provisions of the will of the decedent and a certain letter to the executors as constituting sufficient compliance with the statutory provisions for a written notice of election. The testamentary provisions relied upon are the following: "In the event that [respondent] survives me and in the event that it be determined that she has a right of election against or in absence of testamentary provision for her benefit in this my Last Will and Testament, which I believe is not the case, and only in such events, I give, devise and bequeath to my Executors hereinafter named an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, In Trust, nevertheless, for and during her life."

These provisions of the decedent's will do not relieve the respondent of necessity of compliance with the requirement

that she serve and file a notice of election in the event she decided to exercise a right of election against the particular will. Rather, they merely put her on notice that her right of election, if exercised, was to be contested. Furthermore, the probate in Surrogate's Court of the will with these provisions does not in itself constitute a filing therein of a notice of election by the respondent. The will and the probate thereof by the executors may not be construed as a notice by her or in her behalf that she was taking any particular position with respect to the will.

The letter referred to by the respondent is a letter sent by her attorneys to the executors and received by them within the statutory six months' period. Said letter, without any reference to the will or a claim to take against the will, merely demanded that a setoff be made in behalf of the alleged widow of exempt property pursuant to section 201 *et seq.* of the Surrogate's Court Act. Consequently, said letter is not to be construed to have the effect of a notice of election under section 18 of the Decedent Estate Law. In any event, the letter could not be considered as a compliance with the provisions of said section 18 because it was not filed or recorded in the Surrogate's Court.

It is not enough for a surviving spouse to show an intention, unequivocally evinced, to elect to take against the will. It is clear that the method of making an election, as outlined by said section 18 of the Decedent Estate Law, is exclusive, and that substantial failure to comply with the statutory provisions for service and filing of a written notice of election within the time limitations set out in the statutes bars the right of election. (*Matter of Picone,* 199 Misc. 1039, 1042, affd. 279 App. Div. 787; *Matter of Brookes,* 9 A D 2d 927; *Matter of Ratynski,* 10 Misc 2d 1081.) Even though there be no question about the respondent's intention in this regard following the probate of the will, the court is powerless to relieve her of the default in compliance with the statutory requirements. (See *Matter of Picone, supra.*)

The question of the respondent's right of election against the decedent's will was squarely presented to the court on this application, and the parties concede that the facts were fully before the court and that the matter is to be disposed of as a matter of law. Consequently, upon the undisputed facts, the learned Surrogate should have decreed that the respondent was barred of her right of election by failure to comply with the provisions of the statute with respect to the serving and filing of a notice of election.

The order of Surrogate's Court, entered August 8, 1960, should be modified, as to the first ordering paragraph, to order

that the motion of the petitioners be denied except as herein stated; to delete the fourth ordering paragraph thereof; and to order that the motion of the petitioners (the executors) is granted to the extent that it is determined and decreed that Lucia Baldwin Collins, as alleged widow of Frederick Arthur Collins, deceased, is barred of a right of election under section 18 of the Decedent Estate Law to take against the will of the decedent. It is concluded that the order of the Surrogate's Court should be otherwise affirmed, with costs to abide the event. Settle order.

BREITEL, J. P., RABIN, VALENTE, STEVENS and EAGER, JJ., concur.

Order entered on August 8, 1960, so far as appealed from, unanimously modified, as to the first ordering paragraph, to order that the motion of the petitioners be denied except as stated in the opinion *Per Curiam* of this court filed herein; to delete the fourth ordering paragraph thereof; and to order that the motion of the petitioners (the executors) is granted to the extent that it is determined and decreed that Lucia Baldwin Collins, as alleged widow of Frederick Arthur Collins, deceased, is barred of a right of election under section 18 of the Decedent Estate Law to take against the will of the decedent, and as so modified, affirmed, with costs to abide the event. Settle order on notice.