Pierson R. Hildreth, S.
This is a motion for summary judgment to dismiss a petition for determination of the validity of a right of election which a surviving wife seeks to exercise in the estate of her deceased husband. The basis of the motion is that any right of election to take as in intestacy is barred because of default to exercise it within the statutory 6 months’ period after issuance of letters, or to apply to the court for relief from such default within 12 months after issuance of letters. The motion is granted.
Decedent died October 25, 1961 leaving a will dated February 25, 1961 which was admitted to probate and letters issued to the named executor on January 8, 1962. The will did not make any testamentary provision for the surviving wife sufficient to bar the exercise of her statutory right of election. The named executor died November 7, 1963, and letters of administration c. t. a. were issued January 27, 1964. The time allowed for exercising the right of election would, however, run from the date letters were first issued. (Surrogate’s Ct. Act, § 92.)
The surviving wife appears to have made no attempt to exercise any right of election until more than two years after *85 letters were issued. The first and only notice of election was given to the administrator on February 22, 1964 and filed with the court February 25,1964.
The wife then instituted a proceeding to determine its validity with a request to be relieved of her default. The petition alleges in substance that after her husband’s death she was advised by the executor (since deceased) and the executor’s attorney that she had no right of election because of a prenuptial agreement made with her husband-to-be on November 24, 1958, which was followed by their marriage on December 15, 1958. Under that agreement each waived all rights in the estate of the other, including specifically any right of election under section 18 of the Decedent Estate Law. She alleges that this agreement is ineffective because of improper execution, that she lacked knowledge of the size of her husband’s estate, and did not have her own attorney. She alleges that after her husband died she relied upon the executor and the executor’s attorney for advice, and that they deliberately induced her to delay taking steps to exercise a right of election within the prescribed statutory period so she would become barred from exercising her right by lapse of the statutory 6-month period allowed for that purpose as well as by expiration of the 12-month period within which a default may be relieved. The surviving wife was a competent adult.
This court previously denied a motion of petitioner in a prior application to perpetuate testimony by an order dated March 25, 1964. The opinion of the court dated March 6, 1964 in that case is pertinent here.
Assuming that decedent’s wife originally had a right to elect to take as in intestacy, the court is of the opinion that such right has been lost by failure to exercise it within 6 months from issuance of letters or to seek relief from such default within the statutory 12-month period from issuance of letters provided for that purpose under subdivision 7 of section 18 of the Decedent Estate Law. The statute was amended in 1936 to expressly state: “ The limitations in this section regulating the time within which an election must be made are exclusive. No provision of law suspending or affecting the operation of rules of limitation shall be applicable to the time of making an election ”.
That the statutory period of 12 months is considered a Statute of Limitations when no notice whatever is filed within the period, and operates to bar and extinguish the right after the expiration of the period, has been indicated in several decisions. In Matter of Goldstein (176 Misc. 366 [1941]), Surro *86 gate Delbhanty considered the very question, namely, whether as a matter of law a widow who claimed she was defrauded into nonexercise of a right of election could reopen an accounting decree and assert such right after more than 12 months had elapsed since letters issued. The court granted a motion to dismiss the application for insufficiency and stated that the statutory period was enacted for the express purpose of foreclosing a spouse who had failed to elect within the statutory period, that the limitations are exclusive, and that no right of election existed after the statutory period expired even though fraud had been alleged. The court also stated that if actual fraud had occurred, relief might be available to the person who had been defrauded against the party guilty of fraud in a court of general jurisdiction. Surrogate Foley stated in Matter of Paskievitz (184 Misc. 320, 321 [1944]), that “ Where no election is made before the expiration of the period of twelve months, the rights of a competent adult spouse are extinguished.” The decision also stated that the purpose of the statute was to make certain that the periods of time fixed in it were final and absolute and could not be extended, and to prevent delay in administration by belated assertions of a right of election by a competent spouse who failed to give timely notice. (See, also Matter of Bornstein, 199 Misc. 1043 [1950]; Matter of Brookes, 9 A D 2d 927, affd. without opn. 9 N Y 2d 840 [1959]; Matter of Allan, 5 N Y 2d 333 [1959]; Matter of Collins, 13 N Y 2d 194 [1963].) The present case is not one where the question is whether there has been substantial compliance with filing within statutory period. Here, there was no exercise of the right whatever within statutory periods provided.
The general rule is that a Statute of Limitations is not open to discretionary change by the court (Arnold v. Mayal Realty Co., 299 N. Y. 57 [1949]; Matter of Brotherhood of Ry. & S. S. Clerks [Pan Amer. World Airways], 27 Misc 2d 414 [1961]; Meigs v. Roberts, 162 N. Y. 371 [1900]). The running of the statute bars relief at law although a cause of action in equity might under some circumstances arise against those responsible if failure to act within the statutory period was due to fraud. (See Dodds v. McColgan, 134 Misc. 518, affd. 229 App. Div. 273; Lightfoot v. Davis, 198 N. Y. 261.)
Accordingly, the court determines that the right of election has been lost for failure to exercise it within the statutory period; that the notice filed is of no effect. The motion to dismiss the petition is granted.