OPINION OF THE COURT
John R. Murray, J.
This matter has come before this court upon a petition for a determination regarding the proper execution of the personal right of election pursuant to EPTL 5-3.3.
Theo L. Ziems died on June 28, 1975, a resident of the Town of West Monroe, County of Oswego, State of New York. Theo L. Ziems died leaving a last will and testament dated November 27, 1972, a copy of which was duly admitted to probate by the Surrogate’s Court, County of Oswego, on November 1, 1977. Letters testamentary were duly issued to Clinton H. Ziems on November 1, 1977, the sole legatee and only child of Theo L. Ziems, a widow. Clinton H. Ziems died in the County of Oswego on November 5, 1981, prior to his settlement of the affairs of Theo L. Ziems as executor for the estate. By petition dated January 15, 1982, Everett Peck, nephew of Theo L. Ziems, petitioned this court for letters of administration with the will annexed for the estate of Theo L. Ziems. Everett Peck was granted letters with the will annexed for the estate of Theo L. Ziems on January 19, 1982.
The petition currently before this court was filed January 7, 1983 by Everett Peck. The Attorney-General of the *503 State of New York, Robert Abrams, appeared by filing an answer to the petition on February 10, 1983, on behalf of ultimate charitable beneficiaries under the last will and testament of Theo L. Ziems. The petition requests this court to rule on whether Clinton H. Ziems properly exercised his personal right of election pursuant to EPTL 5-3.3. A hearing was held before this court on May 4, 1983 to introduce evidence relative to the question presented.
Upon the death of Theo L. Ziems on June 28, 1975, Clinton H. Ziems, by letter dated December 16,1975, made inquiry of Lawrence M. Pidgeon, Esq., regarding certain provisions in his mother’s will, and whether those provisions could be broken. Clinton H. Ziems sent a copy of the will to Mr. Pidgeon and expressed his displeasure with his mother’s will, in particular the fifth paragraph which was a residuary clause leaving property to Hospital North. At the time of Theo L. Ziems’ death, Hospital North was a nonexistent entity and evidence introduced at the hearing before this court was such that this court finds Hospital North to be a charitable entity which never materialized. Testimony of Charles Yorkey, Esq., and a letter dated January 12, 1982 from Philip C. Wood, Esq., attorney for the Hospital North Planning Association, Inc., indicate Hospital North is a legal entity that never existed and will not be created.
At some point after Clinton H. Ziems wrote the December 16, 1975 letter to Lawrence M. Pidgeon he was retained by Clinton H. Ziems as attorney for the Theo L. Ziems estate. It is the finding of this court that Mr. Pidgeon informed Clinton H. Ziems that he could make an election pursuant to EPTL 5-3.3 to contest the charitable disposition made in paragraph fifth of Theo L. Ziems’ will. Clinton H. Ziems executed on March 8, 1978 a notice of election prepared by Lawrence M. Pidgeon to contest the charitable disposition made in Theo L. Ziems’ will to Hospital North. The notice of election was executed' within six months of Clinton H. Ziems’ appointment as executor as required by the EPTL. Attorney Pidgeon notarized the election and served it upon Clinton H. Ziems on March 8, 1978, at the time of execution. The notice of election was then sent first class mail by attorney Pidgeon, postage *504 prepaid, properly addressed to the Oswego County Surrogate’s Court together with a cover letter dated March 8, 1978, requesting the court clerk to file the notice of election. The notice of election to contest the charitable disposition executed by Clinton H. Ziems on March 8, 1978, was never received or filed by the court within the six-month period as required by EPTL 5-3.3. No knowledge of the executed notice of election to contest became known to this court until several years later upon the filing of the petition currently before this court.
The first question before this court is whether an executed, but unfiled, notice of election to contest a charitable disposition should be given effect where it is executed and sent United States mail properly addressed to the court within six months after letters are issued, but not filed because it is never received by the court.
EPTL 5-3.3 (repealed July 7, 1981) allowed issue or parents to contest any disposition of property where they may benefit if greater than one half the estate was left to benevolent, charitable, educational, literary, scientific, religious, or missionary purposes. EPTL 5-3.3 (subd [a], par [5]) states: “[a]n election to contest under this section must be made within six months from the date of the issuance of letters. Written notice of such election shall be served upon any personal representative in the manner prescribed by this article for the service of notice of election by a surviving spouse and the original thereof shall be filed and recorded, with proof of service, in the surrogate’s court in which such letters were issued within six months from the date of the issuance of letters. The time to make such election may be extended before its expiration by an order of the surrogate’s court from which such letters issued for a further period not exceeding six months upon any one application. If an issue or parent defaults in making such election within six months from the date of issuance of letters, the surrogate’s court may relieve such person from such default and authorize the making of an election within the period fixed by the order, provided that no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of letters”.
*505 Although there are no cases directly interpreting the procedure for commencing a contest under EPTL 5-3.3, the court finds the procedure to parallel the procedures by which a surviving spouse commences an election under EPTL 5-1.1 (subd [e]). Cases cited hereafter are interpretations of procedures under EPTL 5-1.1. EPTL 5-3.3 reenacted section 17 of the Decedent Estate Law, revised to eliminate a surviving spouse as a person entitled to contest an excessive charitable disposition, on the basis that the rights of such spouse are sufficiently protected under EPTL 5-1.1 (formerly Decedent Estate Law, § 18). Chapter 45 of the Laws of 1973 brought the procedural aspects of EPTL 5-3.3 into conformity with the parallel provisions governing exercise of the surviving spouse’s right of election contained in EPTL 5-1.1 (subd [a], par [3]).
The court finds that Clinton H. Ziems properly executed, pursuant to EPTL 5-3.3, a notice of election to contest a charitable disposition made in the last will and testament of Theo L. Ziems. The notice was served upon Clinton H. Ziems on March 8, 1978, at the time of execution and within six months from the date of issuance of letters testamentary, but that the original was not filed within six months from the date of issuance of letters testamentary as required by statute. Failure to file the notice to contest as directed by the statute defeats the claim now being made. The mailing of the notice to contest to the clerk of this court where it has not been received does not comply with the statute. Nothing short of actual filing will suffice. (Matter of Zwieg, 145 Misc 839; Matter of Bornstein, 199 Misc 1043.) The statute states that the notice “shall” be filed and recorded.
“[I]t will be noted that the language of the statute is in the conjunctive: ‘An election made under this section * * * shall be made by serving written notice of such election upon the representative of the estate * * * and by filing and recording a copy of such notice with proof of service’ * * *
“To hold that the requirements of the statute would meet with compliance by the performance of only one of the acts, namely, either service or filing, would require the substitution of‘or’ for the ‘and’ italicized in the .foregoing quotation. Since the enactment is entirely comprehensible as written, *506 such an interpretation would do violence to primary principles of statutory construction.” (.Matter ofZwieg, supra, p 847.)
The court finds the language to be mandatory and an indispensable condition precedent to the spouse’s right of election.
The limitations of the statute to file a notice to contest are exclusive, and since 12 months had elapsed since letters were issued before an attempt to file the notice to contest was made, the right no longer existed. “The effect of the insertion in the statute of a time limit within which the granted privilege must be exercised is a time statute of limitation, and if the right to take against the will is not validly exercised within the period indicated, the privilege will be deemed to have lapsed with like effect as if it never had existed” (Matter of Zwieg, supra, p 847).
In Matter of Bornstein {supra, p 1049), a parallel case involving a spouse’s right of election, the court stated, “[A] copy of the notice of election must be filed not later than twelve months after the issuance of letters is a mandatory and indispensable condition to the exercise of the right of election * * * By providing specifically for the possibility of one extension of the time for filing, the Legislature clearly implies that no other extensions are authorized. While the courts have held that a substantial compliance with the terms of the statute is all that is required and have accordingly mitigated its requirements in less essential details, such as the recording of the notice, the method of service and the filing and recording of proof of service, it would not be substantial compliance to permit a copy of the notice of election to be filed after the prescribed period had elapsed.” The court may grant relief for failing to file the notice of election only where no greater period than 12 months has expired (EPTL 5-3.3, subd [a], par [5]; Matter of Paskievitz, 184 Misc 320; Matter of Goldstein, 176 Misc 366). Any rights that Clinton H. Ziems had to contest the charitable bequest in his mother’s will extinguished 12 months after letters were issued. Filing with the clerk of this court must take place within 12 months after letters are issued.
*507 The method of contesting a charitable bequest as outlined in the statute is exclusive, and while the actions of Clinton H. Ziems would indicate that he intended to contest, the failure to file as directed by the statute defeats his claim. To hold, as argued by the petitioner, that mailing of the notice is equivalent to filing, or filing is complete upon mailing, would violate the positive language of the statute and would be equivalent to judicial legislation which is beyond the lawful power of this court. (Matter of Picone, 199 Misc 1039.) “Any action of this kind on the part of the courts would emasculate the statute and destroy an important part of its framework” (Matter of Bornstein, supra, p 1049).
[Portions of opinion omitted for purposes of publication.]