Edgar F. Hazleton, S.
In this proceeding to judicially settle the account of the executors, the petitioners seek a construction of paragraph “second” of testator’s will, which provides in part as follows:
‘‘ second : I give, devise and bequeath all of my property, real and personal and mixed of whatsoever nature and wheresoever situate as follows:
‘‘ A. Unto my Wife, Loretta Ende only that portion of my Estate that she would be entitled to receive under the Laws of the State of New York if I had died intestate. If my said wife dies before me then I give, devise and bequeath the share of my estate that she would have received if she had survived me unto my children equally share and share alike.”
Testator was survived by his widow and three children. The widow has filed a notice of election under section 18 of the Decedent Estate Law in which she asserts, firstly, her right of election; secondly, that she is entitled to receive her intestate share pursuant to paragraph “second” of the will without exercising her right of election; and thirdly, that the filing of the notice of election is without prejudice to her right to take under the will.
The petitioners now seek a determination that “the widow, Loretta Ende, legally abandoned her husband prior to his death and is not entitled to take under the Will of the deceased or under the intestacy laws of the State of New York”, and that “ the Will of the deceased be construed by this Court to *575 mean that if this Court determines that said widow, Loretta Ende, legally abandoned her husband during his lifetime, that it was the intention of said testator that said widow should not take under said Will.”
This court heretofore directed that the issue of abandonment be tried preliminarily. A motion has been made by the widow for reargument and reconsideration of the order directing the preliminary trial.
It is the widow’s contention that such preliminary trial is unnecessary for the reason that the question of abandonment is not an issue in this proceeding. She urges that paragraph “ second ” of the will expresses the testator’s intent that she receive that share of his estate to which she would be entitled under the laws of intestacy, and hence such share is secured to her whether or not there be an abandonment; that the testator’s intent must be established from the words of the will itself and without recourse to extrinsic proof.
True it is that the words of paragraph “ second ” of the will are unambiguous and present no cause for seeking evidence of the testator’s intent outside of the instrument. But whether or not the law applicable to such words is limited so as to preclude an inquiry into the matter of abandonment is another question. The testator has said that the widow should receive “ only that portion of my Estate that she would be entitled to receive under the Laws of the State of New York if I had died intestate” (emphasis added). This means any law of the State of New York pertinent to intestacy.
Section 87 of article 3 of the Decedent Estate Law, relating to intestacy cases, treats in part with the subject of abandonment. It provides that “No distributive share of the estate of a decedent shall be allowed under the provisions of this article * * * (d) or to a wife who has abandoned her husband ”. This, provision must be held applicable to the dis-positive clause in question contained in testator’s will. In effect, the very language employed by the testator subjects the widow’s legacy to the intestacy laws of the State of New York. His reference to intestacy and to the laws of the State of New York permits of no other conclusion. (See Matter of Gahan, 276 App. Div. 647; Matter of Hoffman, 1 Fiduciary Rep. 483 [Orphans Court, Montgomery County, Pa., construing a similar provision of a will under a Pennsylvania statute not unlike that of New York].)
I find nothing in the cases cited in the memorandum submitted on behalf of the widow persuasive of a contrary ruling. In the New York case (Matter of Golder, 30 Hun 441) no issue *576 is presented relating to the question of abandonment. In each of the other three cases from foreign jurisdictions, it does not appear that any statute similar to subdivision (d) of section 87 was under consideration.
It follows, therefore, that the question of abandonment is relevant to a determination of the construction sought by the petitioners and should be tried before this proceeding can be concluded.
In view of the foregoing, it becomes unnecessary to pass upon the effect of the notice of election heretofore filed by the widow. If the exercise of the right of election is valid, and supersedes the will provision, then obviously subdivision 5 of section 18 of the Decedent Estate Law is operative. If the instrument filed is invalid by reason of the reservations contained therein, and the will provision prevails, subdivision (d) of section 87, as I have indicated, is nonetheless applicable.
The motion for reargument is granted, and upon such reargument, the determination heretofore made is adhered to directing a trial of the issue of abandonment.
Submit order accordingly on notice with a provision contained therein for fixing a date for such trial.