OPINION OF THE COURT
Arnold F. Ciaccio, J.
As an adjunct to the proceeding to judicially settle the accounts of this executor, Tonia A. Aldrich, a residuary legatee under the will as well as a cotenant of several Totten *402 trusts and other jointly held properties with right of survivor-ship, seeks a declaration that she is the owner of the bank accounts so identified and for an order of immediate return to her of those accounts together with interest accrued as well as other relief. In connection with the judicial settlement of the accounts other objections are raised and are not dealt with in this decision. At issue here, specifically, is the enforceability of surviving spouse’s right of election, if any, as it impacts the Totten trusts and other jointly held property passing outside of the probate estate.
The decedent H. Margaret Wojnowski, also known as H. Margaret Crump, died on September 23, 1984. Her will dated December 4, 1975 was duly admitted to probate by this court on October 15, 1984 with letters testamentary issuing to the sole executor, F. Cameron Van Zile. The decedent was survived by her husband, Claude C. Crump; her brother Van Zile; her stepson Rey ton F. Wojnowski; her stepdaughter Tonia A. Aldrich, the petitioner herein. The decedent made several bequests under her will including a provision for her surviving spouse seemingly in an.effort to grant to him what would be equal to his full elective share. In the course of the administration of this estate, it became apparent that the assets of the estate were insufficient to fund completely the gift and trust made to satisfy in full the elective share of the surviving spouse.
During the course of the past 2 Vi years since the issuance of letters testamentary, the executor, Van Zile, has maintained in his possession all bank books and other documents evidencing ownership of funds in separate Totten trusts. Interest on those funds has been withheld and retained by him in an effort ostensibly to satisfy a purported elective share as well as a bequest to himself.
It is uncontroverted that at no time has any election been made by the surviving spouse Claude C. Crump. No written right of election has ever been filed nor served on the appropriate parties.
It is the petitioner’s position that in the absence of a properly executed and filed right of election which conceivably would involve the Totten trust savings accounts as "testamentary substitutes” subject to such a right of election, that those joint properties belong to the surviving cotenant by operation of law. It is asserted further that SCPA 2105 (1) mandates the immediate turnover of those properties by the fiduciary to the person entitled.
*403 Van Zile, the executor, argues that the Totten trusts are indeed "testamentary substitutes” under EPTL 5-1.1 and properly chargeable for deficiencies in meeting the spouse’s elective share and in fulfilling the specific bequest to himself, individually. Counsel for the executor asserts a novel approach to the issue presented, i.e., that the right of election in the surviving spouse is "automatic” where the will language affords the spouse in uncontroverted language, a share equal to his right of election but where the estate assets are insufficient to meet that language. With this the court does not agree.
EPTL 5-1.1 is the statutory embodiment of the rights of a surviving spouse and specifically the right of election by that spouse. That right of election is "personal to the surviving spouse” except in certain enumerated circumstances. (EPTL 5-1.1 [d] [4].) The statute is explicit in setting forth the rules for the exercise of the spouse’s personal right of election. (EPTL 5-1.1 [e].) That section states: "[a]n election under this section must be made within six months from the date of issuance of letters testamentary * * * and the original thereof shall be filed and recorded, with proof of service, in the surrogate’s court in which such letters were issued within six months from the date of the issuance of letters” (EPTL 5-1.1 [e] [1]; emphasis supplied).
The statute further provides: "[t]he time to make such election may be extended before its expiration by an order of the surrogate’s court from which such letters issued for a further period not exceeding six months upon any one application. If a spouse defaults in filing such election within six months from the date of issuance of such letters, the surrogate’s court may relieve the spouse from such default and authorize the making of an election within the period fixed by the order, provided that no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of the letters” (EPTL 5-1.1 [e] [2]; emphasis supplied). The procedural requirements conclude with the following, "[t]he time limited in this paragraph for making an election is exclusive and shall not be suspended or otherwise affected by any provision of law” (EPTL 5-1.1 [e] [3]). Thus in Estate of Vogel (NYLJ, Dec. 23, 1977, at 6, col 2), the respected former New York County Surrogate Midonick confirmed that "[t]he time limit is a true statute of limitation”.
*404 It has consistently been held in this State that absent fraud or an incompetent spouse which would provide for a tolling of this Statute of Limitations, " '[w]here no election is made before the expiration of the period of twelve months, the rights [to elect] are extinguished’ (Matter of O’Shea, 45 Misc 2d 84, 86, affd 24 AD2d 845.)
It is uncontroverted that the surviving spouse did not and has not filed the appropriate right of election. His right of election has been extinguished.
There is nothing before the court which would temper the request that executor Van Zile turn over the jointly held property in his possession forthwith to the cotenant, the petitioner herein. Those nonprobate assets belong to her and are to be delivered forthwith upon service of this decision and order. The executor is ordered to make the transfers necessary and to deliver the full amount of the Totten trust accounts in the name of the decedent and Antonia A. Aldrich together with interest accrued. In addition, all interest accrued on certain bonds previously in the possession of the executor but recently turned over to the cotenant Tonia A. Aldrich shall also be remitted to the cotenant. All other relief for additional interest and counsel fees is denied.
The court reserves unto itself a determination of the other issues raised by the objections to the judicial settlement.