*794 OPINION OF THE COURT
James D. Pacones, S.
Ann Welch, the surviving spouse of the decedent William Gross, petitions for a compulsory accounting in this estate. The decedent died on May 5, 1997 and letters testamentary issued to Gary Gross on May 9, 1997. The executor has not filed an accounting to date.
The executor maintains that the instant petition should be dismissed because petitioner has no standing since she has not filed a right of election and has no other interest in the estate. Petitioner does not dispute that there is no provision made for her in decedent’s will and acknowledges that she has not filed a right of election.
SCPA 2205 (2) (b) provides that a “person interested” in the estate may petition the court for a compulsory accounting. SCPA 103 (39) defines a “person interested” as:
“[a]ny person entitled or allegedly entitled to share as beneficiary in the estate or the trustee in bankruptcy or receiver of such person. A creditor shall not be deemed a person interested. Where this act provides that a ‘person interested’ may apply for relief, a verified allegation of an interest in fact, suffices for the purpose of the application, although the interest may be disputed, unless or until the fact of interest has been judicially determined and no appeal is pending therefrom.”
Petitioner’s standing as a “person interested” depends upon the viability of her claim to a right of election.
EPTL 5-1.1-A (d) (1) requires that a right of election “must be made within six months from the date of issuance of letters testamentary or of administration, as the case may be, but in no event later than two years after the date of decedent’s death.” It is undisputed that petitioner Ann Welch did not file a right of election within the time frame set forth above. EPTL 5-1.1-A (d) (2) provides:
“If the spouse defaults in fifing such election within the time provided in subparagraph (d) (1), the surrogate’s court may relieve the spouse from such default and authorize the making of an election within the period fixed by the order, provided that no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of the letters. *795 An application for relief from the default and for an extension of time to elect shall be made upon a petition showing reasonable cause and on notice to such persons and in such manner as the surrogate may direct.”
Petitioner Ann Welch seeks a compulsory accounting and has not petitioned for relief from her default or for an extension of time to file her right of election. Significantly, while no decree has been made settling the executor’s account, more than 12 months have elapsed since the issuance of letters. Even if petitioner Ann Welch were to file the appropriate petition, I could not entertain it because it would exceed the limitations set forth in EPTL 5-1.1-A (d) (2).
Petitioner argues that she did not file her right of election because of ongoing settlement discussions with the executor’s attorney. Petitioner acknowledges that she was represented by legal counsel at all times relevant to this proceeding. Even if petitioner’s application for an extension of time to elect were timely, she cannot show reasonable cause for her default.
EPTL 5-1.1-A (d) (3) provides: “[t]he time limited in this paragraph for making an election is exclusive and shall not be suspended or otherwise affected by any provision of law.”
It has been held that these time limitations are the equivalent of a statute of limitations and there is no right of election once the applicable time has run. (Matter of Wojnowski, 136 Misc 2d 401 [Sur Ct, Monroe County 1987]; 5 Warren’s Heaton, Surrogates’ Courts § 73.05 [1].) I find that the petitioner is barred from asserting a right of election and has no other standing as a “person interested” to file the instant petition for a compulsory accounting. Therefore, it is ordered, adjudged and decreed that the instant petition of Ann Welch is dismissed.