*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                521274

_____

In the Matter of the Estate of
    NANCY M. HORNBY, Deceased.

PETER C. HORNBY,                          MEMORANDUM AND ORDER
                    Respondent;

PETER R. HORNBY, as Executor
    of the Estate of NANCY M.
    HORNBY, Deceased,
                    Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Michael T. Brockbank, Schenectady, for appellant.

        Pemberton and Briggs, Schenectady (Paul Briggs of counsel),
for respondent.

_____


McCarthy, J.P.

        Appeal from an order of the Surrogate's Court of
Schenectady County (Versaci, S.), entered January 21, 2015,
which, among other things, granted petitioner's application, in a
proceeding pursuant to EPTL 5-1.1-A, for an order extending the
time to file a right of election.

        In October 2004, Nancy M. Hornby (hereinafter decedent)
died as the result of a motor vehicle accident.  In March 2005,
Surrogate's Court (Kramer, S.) admitted decedent's will to

probate and issued letters testamentary appointing respondent, decedent's son, as the executor of decedent's estate.  In 2012, a wrongful death action related to decedent's death was settled for $277,799.92.  In January 2014, respondent petitioned Surrogate's Court to allocate the full wrongful death recovery to him, and petitioner, decedent's husband, objected.  Thereafter, petitioner petitioned the court pursuant to EPTL 5-1.1-A (d) (2) to file a late right of election against decedent's estate.  Surrogate's Court (Versaci, S.) granted the petition and allowed petitioner 60 days to file a right of election.  Respondent appeals, and we reverse.

Where, as here, a surviving spouse has defaulted in filing a right of election (see generally EPTL 5-1.1-A [d] [1]), a court may extend the time to make an election and relieve him or her of the default provided that, among other things, "no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of the letters" (EPTL 5-1.1-A [d] [2]).  Here, more than nine years elapsed between the issuance of the letters and the petition for the right of election against decedent's estate.  Although EPTL 5-1.1-A (d) (2) provides language allowing a court to relieve a spouse of his or her failure to meet a separate condition precedent — that "two years have not elapsed since the decedent's date of death" — it provides no similar language permitting a court to excuse the failure to satisfy the condition precedent related to the timeliness of seeking election after the issuance of letters.[1]  Accordingly, EPTL 5-1.1-A (d) (2) did not provide Surrogate's Court the power to relieve petitioner of his default (see Matter of Gross, 2 Misc 3d 793, 794-795 [Sur Ct, Dutchess County 2004]).

Garry, Lynch, Devine and Clark, JJ., concur.

_____

[1]  Legislative history attending the most recent amendment to EPTL 5-1.1-A (d) (2) establishes that lawmakers would have been well aware of the fact that the provision did not permit a court to excuse an attempt at election not made within 12 months of the issuance of letters (see Surrogate's Assn of the State of NY Letter in Support, Bill Jacket L 2010, ch 545 at 6).

ORDERED that the order is reversed, on the law, with costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court